Chubbuck agt. Morrison and others.

---

## SUPREME COURT.

### Chubbuck agt. Morrison and others.

A *county judge* has no authority to make an order staying proceedings in an action pending and triable in *another county*. (*The views expressed on this point in Peebles agt. Rodgers, 5 How. Pr. R. 208, not concurred in.*)

*No judge* has the right arbitrarily, to make an ex parte order staying proceedings in an action for a *given period,* or *twenty days* (§ 401). The stay should always be, *until the party obtaining it can make some other application for relief.*

*Albany Special Term, March* 1852. *Motion to set aside judgment and subsequent proceedings.* An issue of fact having been joined in the action, it was referred and noticed for trial before the referee on the 3d of March. The place of trial stated in the complaint is Saratoga county. The defendants reside in Rensselaer county. On the 2d of March the defendants' attorney, upon the usual affidavit for that purpose, gave notice of a motion for a commission to examine a foreign witness. With the papers for the motion, he also served an order, granted by the county judge of Rensselaer, in the following words: " Let the plaintiff's

proceedings be stayed twenty days upon serving the foregoing papers in this action. Troy, 2d March 1852. Ch. C. Parmelee, Rensselaer County Judge." The notice of motion was for the last Tuesday of March.

The plaintiff's attorney disregarded the order staying proceedings, and proceeded to trial, and having obtained the report of the referee, perfected a judgment on the same day. The defendants move to set aside this judgment for irregularity.

E. F. BULLARD, *for Plaintiff*.

J. A. MILLARD, *for Defendants*.

HARRIS, Justice.—Two questions are presented for decision upon this motion. 1. Whether the county judge of Rensselaer had authority to make an order staying proceedings in an action pending in Saratoga county; and 2. Whether, if he had such authority, he, in fact, made an order which would have that effect.

By the 401st section of the Code, it is provided, that every motion made *upon notice*, must be made in the district where the action is *triable*, or in a county adjoining that in which it is triable. But, according to the provisions of the Code, as amended in 1851, *any action* may be tried *in any county*. The plaintiff in *any action* may designate *any county* as the place of trial, and unless it be changed in the manner provided by the 126th section, the place designated will remain the proper place of trial. What then is meant by the district or county in which the action is triable, as those terms are used in the Code? Clearly it was not intended that the motions, for which the 401st section provides, might be made any where in the state, and yet this would be the effect if the terms in question are construed to mean the district or county in which the plaintiff, when bringing his action, might elect to locate the trial, or to which, afterwards, the court might be induced to change it. These terms, I suppose, are to be understood to mean the district or county within which, unless subsequently changed by order of the court, the trial of the action is to be had. Thus, it is provided that where an action is triable in the first judicial district, a motion in that action must be made there. And yet every action may be tried in the first

district and no action is, of necessity, triable there, more than in any other county or district. This provision is obviously intended to apply to those actions in which the city and county of New York has been designated as the place of trial, and in which such place of trial has not been changed. As motions in such actions must be made in the first judicial district, so motions in other actions must be made within the district in which the county designated as the place of trial, or, if the place of trial has been changed, the county to which it has been so changed, is situated, or in a county adjoining such place of trial. In short, the terms " county where the action is triable," mean nothing more nor less than the *place of trial*.

In respect to that class of orders which may be made out of court and without notice, it is declared that they may be made by any judge of the court, *any where—and also* by a county judge of the county where the action is triable. In other words, the county judge of the place of trial may make orders of this description. If the authority of the county judge is not to be thus restricted, what other limit shall be given to his power? If it was intended that he should have jurisdiction to grant any order which might be made by a judge of the Supreme Court at chambers, why provide at all for the exercise of this power by the county judge of a particular county? Why not rather provide that these orders might be made by any judge of the court, *or county judge* in any part of the state? By a familiar rule of interpretation, the express authority given to the county judge of the county where the trial is to be had, to grant such orders, is an implied prohibition of the exercise of such power by any other county judge. It operates to restrict the general powers conferred upon county judges by the 29th section of the judiciary act, and the 403d section of the Code. With the most profound respect for the venerable judge who delivered the opinion in Peebles vs. Rodgers (5 *Howard*, 208), I can but think he has fallen into an error, when he says, " There is nothing in any part of the Code which takes away any of the powers given to county judges by the 29th section of the judiciary act, except that part of section 401, which enacts that " motions must be made within the district in which the action is triable, or in a county adjoining that in

which it is triable." I suppose, and I think I have shown, that the subsequent clause in the same section, which confers upon the county judge of the county where the action is triable, the powers of a judge of the Supreme Court, in certain cases, operates to exclude other county judges from the exercise of the same powers. This error, if error it be, has led the same distinguished judge to the conclusion that, at any rate, a county judge residing in a county adjoining that designated as the place of trial may make a chamber order in the action. This, unless I have wholly misconceived the effect of the provision in question, can not be done. If any effect at all is to be given to this clause, it limits the power of granting such orders to the county judge of the county where the trial is to be had. This being so, it follows that the order upon which the defendants rely is void for the want of jurisdiction to grant it.

I think, too, the order if not absolutely void, was at least irregular, for another reason. An order to stay proceedings is only properly granted, as a means to an end. The application for it always is, or should be, founded on a case showing at least a *prima facie* right to some relief, which can only be effectually obtained by arresting the proceedings of the opposite party until the application for such relief can be properly made. No judge has a right arbitrarily to say to a party to an action that he shall suspend proceedings for a given period of time, except for the purpose of enabling the party asking for such stay to seek some other relief.

The last paragraph in the 401st section of the Code declares that no *ex parte* order shall be made staying proceedings for a longer time than twenty days. It has been quite common, I think, to understand this provision as though, instead of limiting the power of judges in making *ex parte* orders, as it does, it conferred upon them affirmative authority to stay proceedings for *twenty days*. No such authority was intended by the legislature. I think no order can properly be made, staying proceedings for any specified number of days. The stay should always be *until the party obtaining it can make some other application for relief*

It has been supposed that where the application, on account

of which the stay of proceedings is deemed necessary, can not be made within twenty days, the requisite stay may be secured by a series of ex parte orders—that though a judge may not, without notice, stay proceedings *by any one* order for a longer time than twenty days, he may effect the same thing by a second order made before the first stay expires. This, I am aware, has, at least to some extent, been practiced. Such a course would seem to have been intended in this case. The motion for a commission was to have been made on the 30th of March. The stay would have expired on the 22d of the same month, so that, without some further order, the plaintiff would have been at liberty to proceed with the action before the defendants could have moved for their commission.

The correct practice in all such cases is, not to stay proceedings in any case, for any given number of days, but to stay until the application, on account of which the stay is sought can be made—or, if such application can not be made within twenty days, then to make an order requiring the opposite party to show cause, either before the judge granting the order, or some other judge, or the court, according to the circumstances of the case, at some specified time, within twenty days, why proceedings should not be stayed until the application for relief can be made; and, in the mean time, staying such proceedings. Every such order contemplates some further application by the party obtaining it to be made at the time when it is, by its terms, to expire. It is no unusual thing to see an order to stay proceedings for twenty days, when the motion on account of which the stay was granted is to be made within a shorter period. All such orders, if not absolutely void, are clearly irregular. A judge has no more right to suspend the proceedings in an action for twenty days, when nothing is to be done at the expiration of the order, than a court has to pay to a party that he shall suspend proceedings for a month or a year and then be at liberty again to proceed. Such orders are only proper when and so far as they are auxiliary to the principal relief sought by the party obtaining them. I will not say that such an order as that in question could safely have been disregarded as a nullity, if granted by a judge who had authority to make an order in the case, but such an

order was certainly irregular, and might have been set aside on that ground.

The plaintiff's proceedings have been regular, but as the defendants swear to merits, they may have the cause retried before the referee, and for that purpose may have an order for a commission to examine the witness, with a stay of proceedings until the return of such commission. The judgment and execution, if any has been issued, are to stand as security. The defendants must also pay the costs of opposing this motion.