## ASKINS *a.* HEARNS.

*Supreme Court; Dutchess Special Term, August,* 1856.

PLACE OF TRIAL.—COUNTY JUDGE.—COUNTER-CLAIM.—UNDERTAKING ON ARREST.

A non-resident plaintiff brought an action in the Supreme Court against a resident of *Kings* County, naming *Dutchess* as the place of trial. The plaintiff afterwards noticed a motion to correct the answer. The defendant thereafter procured from the county judge of *Kings* County an order that plaintiff show cause why the place of trial should not be changed to Kings County, accompanied by a stay of proceedings. The plaintiff disregarded the stay, and took an order by default for the correction of the complaint ; and moved to vacate the stay and order granted by the county judge. The defendant at the same time moved to set aside his default as irregular, in that it was taken while the stay was in force.

*Held*—1. That until an order had been made by the Supreme Court, changing the place of trial, the cause was *triable,* within the meaning of section 401 of the Code, in the county where the plaintiff brought it.

2. That the county judge of Dutchess County was the only county judge who make an order in the suit.

3. That an application to the court to change the place of trial must be granted.

In what cases claims arising out of torts may be said to "arise out of the same transaction," within the meaning of section 150 of the Code.

The undertaking for costs and damages required by section 182 of the Code to be given " on the part of the plaintiff" on his obtaining an order of arrest, need not necessarily be executed by the plaintiff personally.

Several cross motions.

This action was brought by Teresa Askins against Angelo Hearns.

*J. F. Barnard,* for plaintiff.

*A. Prentice,* for defendant.

EMOTT, J.—This case has become somewhat complicated by cross motions and orders to show cause, but the questions in difference between the parties can readily be distinguished, and I shall proceed to consider them in the order in which they have arisen in the cause.

The action is brought to recover damages for the conversion of a ring. The plaintiff is a non-resident, and the defendant is an infant. He appeared by a guardian, and put in an answer, in which, after denying generally all the allegations of

the complaint, he proceeded to allege " *as a counter-claim*," that the parties had exchanged rings, and the defendant delivered a ring to the plaintiff at the time when he received hers, with the agreement in each case that each should keep the ring thus obtained until the other should be returned ; that the defendant had complied with this condition, and tendered to the plaintiff her ring and demanded his own, which she had refused to deliver, and he therefore asked for judgment for his ring or for its value, with costs.

The first motion noticed in the cause was an application by the plaintiff to strike out this part of the answer. After this had been noticed, and before the day for its hearing, the defendant obtained from the county judge of Kings County an order for the plaintiff to show cause at the subsequent term of this court, why the place of trial should not be changed, and staying all his proceedings in the meantime. The plaintiff disregarded this stay of proceedings, and took his order by default, and at the same time obtained an order, returnable to-day, for the defendant to show cause why the order and stay of proceedings granted by the county judge should not be vacated. The defendant at the same time applies to set aside his default as irregular, because taken while this stay of proceedings was in force. The first question which I have to determine is whether the county judge of Kings County had power to grant this order. The action was brought by the plaintiff in Dutchess County, but it appears that she is a resident of the province of Canada. The papers, on the part of the defendant, show that he resides in Kings County, and the order of the county judge was for the plaintiff to show cause why the action should not be removed from Dutchess to that county. So far as now appears, as I shall have occasion to observe more at length presently, this application ought to be granted. But until this court shall make an order changing the place of trial, the cause belongs where the plaintiff has brought it, and is " *triable*" there, within the meaning of § 401 of the Code ; and it is perfectly plain that the county judge of Dutchess County is the only county judge who has jurisdiction to make any order in such an action. It is not contended that these officers possess any jurisdiction in such cases except what is conferred

by this section of the Code.  So far as the case of Preble *v.*
Rogers, (5 *Pr. R.*, 208), is an authority to the contrary, I
believe it is generally regarded as erroneous.  In the case of
Chubbuck *v.* Morrison, (6 *Pr. R.*, 367), Mr. Justice Harris
has discussed that question, as he has also the meaning of the
words " the county, where the action is triable" in section
401, with so much accuracy and ability, that it is only
necessary for me to say that I concur fully with his reasoning
upon both points.  The language of the statute is not that such
order may be made by the county judge of *any* county where
the action is triable, or may, or should, or must be tried, but
by the county judge of *the* county where it is triable.  Evi-
dently there is but one county judge who possesses this power
in each action.   Who and where this officer is must be deter-
mined in each case by the position and location, so to speak, of
the action at the time when the order is sought.   Where an
action is, at any stage of its progress, is a matter of fact, and is
easily determined.  Where it ought to be, is a matter of
opinion, and a question often of some difficulty to the court
itself.   Certainly, the jurisdiction of an officer who can make
orders affecting both liberty and property cannot depend upon
his own opinion of what may ultimately be decided upon
that point, or be left to fluctuation and uncertainty until such
an ultimate decision be made.  The plaintiff was therefore
right in disregarding the order made by the Kings County
judge, as that officer had no jurisdiction in the case, and the
application to vacate that order must be granted.

It would, however, under the circumstances, be pretty much
a matter of course to open this default on terms, and allow the
defendant to be heard hereafter as to the sufficiency and rele-
vancy of that part of his answer which has been stricken out
by the order taken by the plaintiff by default.   But the par-
ties have agreed that I should now consider and dispose of
this question as an original application and upon its merits,
and it has accordingly been fully argued.  If the defence
which is alleged in this part of the answer was that the defend-
ant had this property under an agreement which justified him
in detaining it, and that the plaintiff was not entitled to its
possession, because she had not performed the agreement, by

Askins *a.* Hearns.

returning the defendant's ring; and if the facts pleaded went to establish this defence, there might be a question as to their admissibility. But that is not the case. The right of the plaintiff to the return of her property is admitted, and its tender pleaded among other facts in this very defence. But the defendant sets up, in answer to the wrong complained of by the plaintiff, that she has committed a similar wrong against him, and demands a return of his property, or its value, as a *counter-claim* to the plaintiff's cause of action. Broad as are the provisions of the first subdivision of section 150 of the Code, I am not prepared, until I am so instructed by superior judicial authority, to say that they extend to a case like this. It is not quite clear to my mind that contrary causes of action for torts can be the subjects of " counter-claims," or that they can even be said to " arise out of the same transactions," using terms with any legal precision or accuracy. In this particular case the connection between the respective causes of action set up in the complaint and answer, consists in the fact that the articles of property which are alleged on either side to have been converted, were placed in the possession of the respective parties at the same time, and under similar agreements as to their return. Each, however, could go separately to the other, and tender what he had and demand his own; and the transaction out of which the cause of action arises in each case is not the original exchange of rings, or at least not that alone, but their conversion, by refusing to deliver them or either of them on a separate demand. In truth, by alleging this retention and refusal of his property by the plaintiff as a *wrong* for which he might sue in action of tort, or counter-claim against the plaintiff's suit, the defendant, it seems to me, severs the act of the plaintiff from the connection, which, if it were treated merely as a breach of a mutual contract, it might have with any other part of the case, and makes it separate, several and distinct. The whole region of counter-claims, however, is *terra incognita* to the bench as well as the bar, and until it has been farther explored it will be impossible to feel entirely satisfied in any conclusions respecting it; but with my present light upon the subject, I think this answer is not admissible, and shall therefore grant the motion

to strike it out, leaving the order taken by the plaintiff by default to stand as entered.

In the next place the defendant applies to set aside an order of arrest, by which he is now held, on the ground that the undertaking, given as required by section 182 of the Code, was executed by two sureties only for the plaintiff, and not by the plaintiff with them. There is no objection made to the sureties, who have justified, nor is any real reason given for desiring the plaintiff to have joined in the instrument, as she is a non-resident, with no property, so far as we know, in the State. The objection, therefore, is merely technical; still, if it be well taken, it must prevail; and that it is well taken, I am referred to Richardson *v.* Craig, (1 *Duer*, 666), which certainly is an authority expressly in point. But with the utmost respect for the accomplished judge who gave the opinion in that case, as well as the learned court by whom that opinion seems to have been concurred in, I am compelled to construe § 182 of the Code differently. Suppose the position of the parties to the present action had been reversed, and the plaintiff were an infant, would the court be compelled to set aside such an undertaking as this because a party had not joined in its execution, whose arrest or undertaking could be of no possible validity or legal force, who could not legally execute it at all. Such a difficulty as this seems to have occurred to Mr. Justice Duer, and he meets it by suggesting that in such a case the guardian or next friend might be considered as the plaintiff, and his execution of the undertaking would be sufficient. But I am unable to see, upon the strict and literal construction of the statute which he adopts, requiring that the undertaking should be made *by*, in order to be *upon the part of*, the plaintiff, how such a presumption can be indulged. It seems to me, however, that it is not a necessary nor indeed a natural interpretation of the words of the statute, to require that the undertaking in this and similar cases should be executed by the party, in order to satisfy the direction that it should be on his part. And if we are not bound to adopt such a construction, we certainly ought not to prefer it. I can see no benefit to result to the party for whose protection such undertakings are required, from compelling his adversary to unite personally in

their execution. The responsibility and sufficiency of the sureties in such cases furnishes ample protection, if it is not indeed the only additional protection which the execution of such instruments can create. For in such a case as the present I apprehend that a plaintiff who procures an improper or illegal arrest is responsible for all its consequences in the same manner and to the same extent without as with the express undertaking of the Code. On the other hand, in addition to the difficulties which such a construction of the statute as was sanctioned in Richardson *v.* Craig, would produce, in cases where infants or married women are plaintiffs, it is easy to see that in many other instances, especially in cases of non-residents, great injustice may be done by such a rule. I have not overlooked the fact that the language of the Code, in relation to security on appeals (see §§ 334, 335, 336), is different, and expressly recognizes and allows undertakings executed by sureties alone. But on appeals sureties must be given in all cases, whether the appellant also signs the undertaking or not. In the present case the court or officer ordering the arrest may take an undertaking by the plaintiff without sureties, or on the part of the plaintiff with sureties; and the last clause of § 182, in prescribing the requisites of an undertaking without sureties, speaks of it in terms as executed by the plaintiff. On the whole, I think the language of the section itself indicates that when sureties are required, the statute is complied with by an undertaking executed by them without the signature of the plaintiff. The motion to vacate the order of the court is therefore denied.*

The only remaining question arises on the renewed application by the defendant to change the place of trial to Kings County. This as well as the question upon the arrest is brought up by a second order to show cause here granted by a justice of the court. I see no reason why the motion to change the place of trial to the county of Kings should not be granted. The Code so directs in a case like this, where one of the parties is a non-resident, and the other resides in the county proposed. In the affidavit read by the plaintiff's

---

* To the same effect is Bellinger *a.* Gardner, 2 *Ante,* 441.

counsel in opposition, he has omitted to state the residence of the witness named as material, and on whose account he desires to retain the cause in Dutchess county.; and for this, if for no other reason, his resistance of this application must be ineffectual. In changing the place of trial, however, it will be done without prejudice to any future application on the ground of the convenience of witnesses.

As neither party has been completely successful upon the motions which have now been heard together, neither will be allowed any costs on the present hearing.