Ingalls, J.
The only question of importance involved in the motion, is whether the special surrogate *450 was authorized to grant the order extending the time to answer. The statute creating the offices of special county, judge and special surrogate for Washington county, was passed April 3, 1855 {Sess. Laws 1855, 228).
Section 2 reads as follows:
“ Section 2. Each of such persons so elected, in case he shall be of thd.degree of counselor at law in the supreme court, shall also possess all the powers and perform the duties that are now performed by a county judge at chambers, &c.”
At the time this statute took effect, a county judge was not authorized to grant an order extending time to answer, unless the place of trial of the action was in the county where the county judge resided (3 Rev. Stat., 572, § 401, subd. 3, 5 ed.; Chubbuck v. Morrison, 6 How. Pr., 367).
The statute last mentioned, which is the Code of Proceedure, § 401, was amended in 1859 (See Sess. Laws 1859, 970, ch. 428, § 10), so as to read as follows: “ Orders made out of court without notice, may be made by any judge of tjie court, in any-part of the State ; and .they may also be made by .a county judge of the county where the action is triable, or by the county judge of the.county in which the attorney for the moving party resides, except to stay proceedings after verdict.” My attention has been called to no statute enlarging the powers of the special county judge or special surrogate of Washington county.
hi or have I found any. Hence, I conclude, that while the county judge of Washington county, since the amendment of the Code in 1859, possesses the powe1' to grant an order extending the time to answer when the place of-trial of the action is in the county where such judge resides, or when the attorney for the defendant resides in the same county, the special county judge and special surrogate can only grant such order, when the place of trial of the action is in the county of *451 the residence of such officer. The order in question was therefore unauthorized and inoperative, and the plain-' tiff’s counsel was legally justified in returning the same and entering judgment. But as the defendant has excused his default and sworn to his merits, he is allowed to interpose an answer within ten days, Upon payment of ten dollars costs of opposing, motion, and costs of entering judgment, and sheriff’s fees on execution.
: The judgment and execution to remain as security, and all proceedings thereon to he stayed until the trial ■of the action.