(117 App. Div. 600)

PATTERSON v. JOHN H. WOODBURY DERMATOLOGICAL INSTITUTE.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

Costs—Offer of Judgment—Effect of Refusal.

Code Civ. Proc. § 3228, subd. 5, precludes a recovery of costs by plaintiff in actions brought in the Supreme Court in which the recovery is less than $500, inclusive of costs, and provides in the last sentence of such subdivision that the fact that plaintiff is not entitled to costs under the provisions of such subdivision shall not entitle defendant to costs under the next following section. Section 3229 provides that defendant is entitled to costs of course in an action specified in the preceding section, unless plaintiff is entitled to costs as therein prescribed. *Held*, that the

purpose of the last sentence of subdivision 5 of section 3228 was, not to preclude recovery of costs by defendant, in cases where he would have been entitled to recover them had he not been brought into the Supreme Court, but merely to prevent such recovery by him as a matter of course under section 3229 whenever plaintiff recovered less than $500, in cases where defendant made no offer of judgment and plaintiff recovered in the action; and hence, under Code Civ. Proc. § 736, regulating the costs where there is an offer of judgment, where defendant made an offer of judgment to plaintiff, and plaintiff failed to accept, plaintiff was precluded from recovering costs from the time of the offer and was required to pay them to the defendant from that time, where he failed to recover a more favorable judgment than that offered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 137–159.]

Appeal from Special Term.

Action by Benjamin Patterson against the John H. Woodbury Dermatological Institute. From so much of an order of the Special Term as denies defendant's motion for an order directing taxation of costs in defendant's favor, it appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

William W. Pellet, for appellant.
Benjamin Patterson, for respondent.

LAUGHLIN, J. The action was brought in the Supreme Court, county of New York, to recover the sum of $761 for services. With its answer to the amended complaint, the defendant served an offer of judgment for $313.86, together with interest thereon and the costs of the action. Upon the trial of the action the plaintiff obtained a verdict for only $279.35. The offer of judgment was filed, and by consent of the parties an entry was made in the minutes of the trial that it had been duly served and had not been accepted. On the taxation of costs, the plaintiff claimed the right to tax the costs prior to the offer of judgment. This was opposed by the defendant upon the ground that subdivision 5 of section 3228 of the Code of Civil Procedure precludes the recovery of costs by the plaintiff in such case in the counties of New York and Kings.

The recovery having been for less than $500, inclusive of costs, it is quite clear that the plaintiff was not entitled to costs. The object of the provision depriving the plaintiff of the right to recover costs in such cases was to discourage the bringing of actions in the Supreme Court which might be brought in the City Court. The last sentence of said subdivision is as follows:

"The fact that in any action a plaintiff is not entitled to costs under the provisions of this subdivision shall not entitle the defendant to costs under the next following section."

Section 3229, which is the section referred to, as the next following section provides that the defendant is entitled to costs of course in an action specified in the preceding section, unless the plaintiff is entitled to costs as therein prescribed.

The learned counsel for the plaintiff contends that the purpose of the last sentence of subdivision 5 of section 3228 was to preclude the

recovery of costs by a defendant in such a case. This is not the proper construction of these statutory provisions. Were it not for the last sentence in said subdivision 5, the defendant would have been entitled by virtue of the provisions of section 3229 to costs as matter of course, even though it had not made any offer of judgment, and although the plaintiff had recovered in the action. It is manifest that the Legislature, while intending to deprive the plaintiff of the right to recover costs in such case, did not intend that the defendant should be entitled to recover costs merely because the plaintiff was precluded from recovering them. There is no basis for a legislative intent to deprive a defendant of the right to costs merely because he has been brought into the Supreme Court against his will when he might have been sued in the City Court.

The plaintiff selected the forum, and the defendant had no voice in the matter, and was bound to accept the election made by the plaintiff. The construction for which the plaintiff contends would, if carried to its full extent, deprive the defendant of the right to costs in such case, even though he recovered. The language of the provision is that "the plaintiff shall recover no costs or disbursements unless he shall recover five hundred dollars or more." If the verdict should be for the defendant, the plaintiff would not recover $500 or more; and therefore, literally, according to the plaintiff's contention, the defendant would not be entitled to costs. There was no intention to punish the defendant on account of the forum in which he is sued. It was necessary to insert the last sentence of said subdivision 5 to prevent a recovery of costs by the defendant under section 3229, where no offer of judgment was involved, and where the plaintiff succeeded, but merely failed to recover $500 or more. Since the defendant did not recover in this case, its rights to costs depend upon the provisions of section 736 of the Code of Civil Procedure, which regulate costs where there is an offer of judgment. By virtue of the provisions of that section, the plaintiff, having failed to accept the offer and having failed to recover a more favorable judgment than that offered, was precluded from recovering costs from the time of the offer, and was required to pay costs to the defendant from that time.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.