## WALDSTREICHER v. SOLOMON et al.

(Supreme Court, Appellate Division, Second Department. June 29, 1908.)

COSTS—RIGHT—AMOUNT OF RECOVERY—ACTIONS TRIABLE IN INFERIOR COURT—CITY COURT OF NEW YORK.

Code Civ. Proc. § 3228, subd. 5, provides that in all actions in the Supreme Court, triable in the county of New York or the county of Kings, which could have been brought, except for the amount claimed, in the City Court of the city of New York or the County Court of Kings county, and in which defendant is personally served with process within the counties of New York or Kings, plaintiff shall recover no costs, unless he shall recover $500 or more. *Held*, that the statute did not require a plaintiff resident in Kings county to bring his action in the City Court of New York, in New York county, where defendants resided, when he could, in order to recover costs if he should recover less than $500, as each county is considered separately in the application of the statute.

Hooker, J., dissenting.

Appeal from Special Term, Kings County.

Action by Louis Waldstreicher against Louis A. Solomon and others. From an order directing taxation of costs against defendants, they appeal. Order affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Edward Kaufmann, for appellants.
I. Wasservogel, for respondent.

GAYNOR, J. Section 3228, subd. 5, of the Code of Civil Procedure does not mean that a plaintiff in Kings county is called upon to bring his action in the City Court of New York, which is in New York county, when he can, as a test of whether he may recover costs if he recover less than $500. Each county stands separate in the application of the statute.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur, except HOOKER, J., who dissents.

HOOKER, J. (dissenting). This action was brought in the Supreme Court in Kings county to recover the sum of $3,000 as damages for

a wrongful eviction. The action was tried, and a jury returned a verdict for the plaintiff for $650, which was reduced by the trial court to $450. On behalf of the plaintiff a bill of costs was presented to the clerk for adjustment, and on objection made by defendants that the recovery as reduced by the trial court was less than the sum of $500, and that the action might have been brought in the City Court of New York, the clerk sustained the objection, and the plaintiff excepted. The plaintiff thereupon moved for a review of the determination of the clerk in refusing to tax the bill of costs, the motion was granted, and the clerk was directed to tax the bill of costs in favor of the plaintiff. The defendants have appealed from that order.

There is no dispute as to any of the facts. At the time of the commencement of this action all of the defendants were residents of the county of New York and the plaintiff was a resident of Kings county. So much of subdivision 5 of section 3228 of the Code of Civil Procedure as is pertinent reads as follows:

"In all actions hereafter brought in the Supreme Court, triable in the county of New York or the county of Kings, which could have been brought, except for the amount claimed therein, in the City Court of the city of New York or the County Court of Kings county, and in which the defendant shall have been personally served with process within the counties of New York or Kings, the plaintiff shall recover no costs or disbursements unless he shall recover five hundred dollars or more."

The City Court of the city of New York concededly has jurisdiction of the parties and the subject-matter of the action. Section 315 of the Code of Civil Procedure provides:

"The jurisdiction of the City Court of the city of New York extends to the following cases: (1) An action against a natural person, or against a foreign or domestic corporation, wherein the complaint demands judgment for a sum of money only, or to recover one or more chattels, with or without damages for the taking or detention thereof," etc.

- Section 316 of the Code limits the jurisdiction as follows:

"(1) In an action wherein the complaint demands judgment for a sum of money only, the sum, for which judgment is rendered in favor of the plaintiff, cannot exceed two thousand dollars, exclusive of interest, and costs as taxed. * * * "

The complaint in this action demands judgment for a sum of money only, and, inasmuch as the recovery was for the sum of $450, it is clear that the City Court of the city of New York had jurisdiction to render judgment in the case. While it is true that the complaint demands judgment for $3,000, it is apparent that, except for this demand, the City Court of the city of New York would have had jurisdiction; there being no other jurisdictional circumstances to deprive that court of jurisdiction of the parties and subject-matter of the action. It is clear, therefore, that subdivision 5 of section 3228 of the Code is applicable, for the reason that, "except for the amount claimed," the action could have been brought in the City Court of the city of New York.

This statement of the facts and circumstances surrounding this motion would be sufficient for our decision, were it not for the suggestion made by the respondent that subdivision 5 of the section should be held inapplicable, because, being a resident of the county of Kings,

he would have been compelled to give security for costs, had he commenced this action in the City Court of the city of New York. He refers us to subdivision 1 of section 3268 of the Code of Civil Procedure, which provides that, if the action is brought in the City Court of the city of New York, the plaintiff, who resides without the city or county, as the case may be, wherein the court is located, may be required to give security for costs; and in this connection he also refers to section 1345 of the Greater New York charter (Laws 1901, p. 574, c. 466), which defines the term "city" as it is used in subdivision 1 of section 3268 of the Code, and provides that it shall be construed to mean and apply to the territory within the city of New York as it existed and was constituted prior to the 1st day of January, 1898. This section of the Code, read in connection with section 1345 of the Greater New York charter, would seem to indicate that a plaintiff living in the county of Kings, desiring to sue a defendant residing in the county of New York in the City Court of the city of New York, might be compelled on the motion of the defendant to give security for costs. We do not determine the question, however, for in our view of this appeal it is unnecessary to do so.

Conceding, arguendo, that this plaintiff might have been required by the defendant to give security for costs, had he commenced his action in the City Court of the city of New York, we do not think that this circumstance is sufficient to limit the plain meaning of subdivision 5 of section 3228 of the Code. The object of this subdivision depriving the plaintiff of the right to recover costs in cases there enumerated was to discourage the bringing of actions in the Supreme Court which might be brought in the City Court. Patterson v. Woodbury Dermatological Institute, 117 App. Div. 600, 102 N. Y. Supp. 790. The mere fact that the plaintiff might be inconvenienced if compelled to bring his action in the City Court of the city of New York is not sufficient to limit the plain intent of subdivision 5 of section 3228. This inconvenience of the plaintiff is not a denial of his right to bring the action in the City Court. The privilege to bring his action in that court still exists, and if the inconvenience is too great he still has the right to bring his action in the Supreme Court in the county of Kings; the only penalty attaching being that he cannot have costs unless he recovers $500 as damages. The Legislature has the undoubted right to make such provision, even though it entails inconvenience to certain suitors, in the interest of the common good and in an attempt to relieve the congestion of the calendars of the Supreme Court in both counties, as it had existed prior to the enactment of the subdivision of the Code. The Legislature has the prerogative of fixing the amount of costs in the first place, and may, it cannot be doubted, at any time it sees fit, reduce or increase the amount of costs and disbursements that may be taxed, and probably has the right to take costs away entirely. In view of the plain and unequivocal terms used in subdivision 5 of section 3228 of the Code, the meaning of those terms and the force of the section may not be construed away by the courts, except in the plainest case clearly requiring such a construction.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.