Costs (§ 22*)—Amount of Recovery—Actions Triable in Inferior Courts.

     Code Civ. Proc. § 3228, subd. 5, provides that in all actions in the Supreme Court, triable in the county of New York or in the county of Kings, which could have been brought, except for the amount claimed, in the County Court of Kings county, plaintiff shall recover no costs unless he recover $500 or more. An action for $5,000 damages was brought and tried in the Supreme Court in Queens county, but defendant was personally served in Kings county. *Held*, that each county stands separate in the application of the statute, and actions are "triable" where venue is laid.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which was in Queens county, so that costs were recoverable, though plaintiff recovered only $100.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 22.*

For other definitions, see Words and Phrases, vol. 8, p. 7095.]

Appeal from Special Term, Queens County.

Action by Gustave Burgdorf against the Brooklyn, Queens County & Suburban Railroad Company. From an order overruling defendant's motion to disallow costs to plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

D. A. Marsh, for appellant.

Frederick S. Martyn, for respondent.

JENKS, J. The defendant appeals from a denial by the Special Term of its motion for an order disallowing the taxation of costs by the plaintiff upon his verdict for $100, rendered in his action wherein his claim was for $5,000 damages for personal injuries caused by the defendant's negligence. The motion was made under subdivision 5 of section 3228 of the Code of Civil Procedure.

The plaintiff laid the venue in the Supreme Court in the county of Queens, and there the action was tried. But the defendant shows that it was served personally with process in the county of Kings, and its contention is that, as the action could have been tried in the County Court of Kings county save for the amount of the claim, the said statute applies. We held in Waldstreicher v. Solomon, 127 App. Div. 364, 111 N. Y. Supp. 500, that each county stands separate in the application of the statute. I see no reason for rescission. I think that the word "triable," as used in this statute, means the place of trial as indicated by the venue; in other words, this action was triable in the county of Queens. Chubbuck v. Morrison, 6 How. Prac. 367; Askins v. Hearns, 3 Abb. Prac. 184; Bangs v. Selden, 13 How. Prac. 374.

The order must be affirmed, with $10 costs and disbursements. All concur.

Frederick S. Martyn, for respondent.

