AT CHAMBERS, December 27, 1847.    Before *Hand*, Justice.

## CLARK and others *vs.* JUDSON and others.

A sworn bill, asking specifically for an injunction, in the prayer for relief, and also in the prayer of process, and complying with all the other formalities requisite to obtain one, is an injunction bill, within the meaning of the 34th rule in equity, although no injunction has been actually issued thereon ; and cannot be amended of course.

Such a bill can only be amended by the special order of the court, and upon notice to the parties who have appeared.

Amendments must either be made of course, or if they become necessary after appearance, they must be applied for upon notice to the adverse party. Application for leave to amend cannot be made, ex parte, to a judge at chambers.

The supreme court is now always open as a court of equity, as much as the former court of chancery ; except so far as it is restricted by its own rules.

*It seems* the 16th section of the act to amend the judiciary act, passed Dec. 14, 1847, does not affect mere chamber business properly so called ; i. e. that class of orders which are not entered with any clerk, and which are made by the judge, or officer, and not by the court.

IN EQUITY. The bill in this cause had been sworn to and filed with the clerk of St. Lawrence county. It asked for an injunction, in the prayer for relief and also in the prayer of process ; but no injunction had been issued. Service of a subpoena had been made on part of the defendants ; some of whom had given notice of an order to deliver bill, &c. The plaintiffs, in this stage of the cause, discovered that it was necessary to make other persons defendants. Their solicitor prepared amendments to that effect, and had them duly verified, and applied to the clerk of the courts of St. Lawrence to have the bill on file amended ; but the clerk, doubting his authority to do this, declined to comply with the application. The affidavit showed want of knowledge of the facts rendering the amendment necessary at the time of filing the bill. The plaintiffs now moved ex parte before a justice of this court at chambers in Essex county, for an order allowing the amendments to be made.

*B. Pond*, for the plaintiffs.

Clark *v.* Judson.

HAND, J. Formerly, no sworn bill could be amended except upon special leave, granted on notice to the opposite party. But by rule 43 of the late court of chancery, (as revised in 1837,) and which has been adopted by the present supreme court, (*Equity Rules, No.* 34,) sworn bills, except injunction bills, may be amended of course, and without entering any rule or order, if the amendments are merely in addition to, and not inconsistent with, what is contained in the original bill. The proposed amendments in this case are of this kind, and should have been made, if this is not an injunction bill. And no doubt if the clerk has improperly refused to make the amendments to the bill on file, the court should order this to be done on an *ex parte* motion. In such cases the party amends of course, and the opposite party cannot object to a correction of the mistake of the clerk. On the other hand, if this is an injunction bill, it cannot be amended, (unless it is also a creditor's bill,) except upon motion made on notice. And the whole matter turns upon the question whether this is an injunction bill. (*See Rules* 34, 37.)

I think a sworn bill asking specifically for an injunction, in the prayer for relief and also in the prayer of process, and complying with all the other formalities requisite to obtain one, is properly denominated an injunction bill, although no injunction has been actually issued. Such a bill is called an injunction bill by Lord Redesdale and Mr. Justice Story. (*Mitford by Jeremy,* 47. *Story's Eq. Jur.* § 362.) The former states, that where an injunction is asked for in the prayer of process the bill is called an injunction bill; the latter, that it is so termed when this is asked for in the prayers for relief and for process. Sir Launcelot Shadwell, V. C. decided that an injunction, (in this stage of the cause,) could not be granted unless specifically asked for in both the prayers for relief and of process. ( *Wood* v. *Beadell,* 3 *Sim.* 273.) And Chancellor Walworth took the same view in *Walker* v. *Devereaux,* (4 *Paige,* 284.) And see *Eden on Injunctions,* 37 ; *Story's Eq. Pl.* § 41, *and note.* The character of the bill depends upon these prayers, which define its objects and point out the defendants, and the remedies, and

---

---

the redress sought. It follows that the amendments proposed in this cause cannot be made without the special order of the court and upon due notice to those parties who have appeared. Courts are very liberal in permitting amendments as to parties, in equity. (1 *Dan. Pr.* 341, *and note.* 2 *Mitford*, 325.) And perhaps there is no good reason for distinguishing an injunction bill before an injunction issued, from any other sworn bill, unless it be on the ground stated by Lord Eldon, that " all fair consideration calls upon the plaintiff as far as he can, to state in his original bill the case upon which he prays an injunction." (*Norris* v. *Kennedy*, 11 *Ves.* 569.) Such amendments of an injunction bill without prejudice to the injunction, seem to be almost a matter of course. (*Renwick* v. *Wilson*, 6 *John. Ch. Rep.* 81, *and cases there cited. Pratt* v. *Archer*, 1 *Sim. & Stu.* 433. *Woodroffe* v. *Daniels*, 9 *Sim.* 410. *Warburton* v. *London and Blackwall Rail-Road Co.* 2 *Beavan*, 253, *and note to Am. ed.*) In some of these cases, no qualification of the order was deemed necessary. But Lord Eldon evidently thought otherwise. (*Bliss* v. *Boscawen*, 2 *V. & B.* 101. *Norris* v. *Kennedy*, 11 *Ves.* 569. *And see note to Norris* v. *Kennedy in the Am. ed.* 1 *Hoff. Rep.* 301, *and note. Lube*, 64, 1st *Am. ed.* 1840.) Our courts seem to have put all sworn bills under the same restriction, before the alteration of the rule. (*Rodgers* v. *Rodgers*, 1 *Paige* 425, *and the case there cited. Verplank* v. *Merc. Ins. Co.* 1 *Edw. Rep.* 52.) I had some doubt at first whether the plaintiffs might not make the amendment of course, and take the risk of the effect of such amendment upon his right hereafter to an injunction ; but if the rule prohibits an amendment of an injunction bill without notice, it cannot be made, although the amendment *ipso facto* strips it of that character. This would be, in effect, striking out a portion of the prayers of the bill, always a matter of some consideration. (*Mitf.* 325. *Polk* v. *Clinton*, 12 *Ves.* 48. *Lyon* v. *Talmadge*, 1 *John. Ch. R.* 188. *Butterworth* v. *Bailey*, 15 *Ves.* 358.)

I have thus far examined this case without reference to any preliminary objection on account of time or place. I have done

Clark *v.* Judson.

so, because I supposed, if after examination I came to the con-
clusion that the amendments should be filed, the clerk would
avail himself of the suggestion, although no formal order should
be entered.    By rule 147, no ex parte motion can be made out of
term unless in case of emergency, and by special permission.
If this were a case of sufficient emergency, still all amendments,
by our practice, are either of course, or, (after appearance,) upon
notice.    And again, if this were a proper case for an *exparte*
motion, the 51st section of the judiciary act, (*Laws of* 1847, *p.*
319,) requires all motions to be made in the county in which
the suit is pending, or in an adjoining county.    The suit is
considered pending in the county where the papers are filed,
which in this case is St. Lawrence.    The counties of Essex
and St. Lawrence are not adjoining.    If the 16th section of the
" amendment" to that act, passed on the 14th day of December,
1847, (*Laws of* 1847, *p.* 638,) will obviate this objection after
the act takes effect, it is unavailing now; because 20 days
have not elapsed since its passage.    That section is not
necessary to give all the powers of the old court of chancery
and of the chancellor to the supreme court, or a justice of the
court.    These are already granted. (*Const. art.* 6, § 3. *Jud.*
*act,* § 16.)    And the present supreme court is now always open
as a court of equity, as much as the former court of chancery ;
except so far as restricted by its own rules.    And it is believed
this 16th section of the act to amend the judiciary act,
does not affect mere chamber business properly so called; that
class of orders which are not entered with any clerk, and which
are made by the judge or officer, and not by the court.    (6
*Paige,* 374.   2 *Id.* 331.   1 *Edw. Ch. Rep.* 318.)   For the 51st
section does not now extend to these.    A critical reading of
this 16th section may perhaps limit it to mere chamber busi-
ness, to *orders* " made by the *chancellor* out of term."    But as
the court is always open, (on the equity side,) and the chancel-
lor has heretofore done a great deal of business in his court out
of term, such as hearing ex parte motions and even making
decretal orders, &c., it is believed the legislature intended to
make an important alteration as to the place of making appli-

cation for these orders. There was no restriction as to time, before, except by the 147th rule; and this section is paramount, of course, to that, and will abrogate some of its restrictions. The motion must be denied, but without prejudice to the right of the plaintiffs to renew it hereafter on notice, as they shall be advised.

---

ONONDAGA GENERAL TERM, January, 1848.  *Pratt, Gridley, and Allen,* Justices.