Steam Navigation Co. agt. Weed and others.

## SUPREME COURT.

### The Steam Navigation Company agt. Weed and others.

The Court may make an *ex parte* order *staying proceedings* on appeal from a judgment on report of referees to the general term, until judgment of the court upon the case made and settled in the cause. But a *judge out of court* is not authorized to make such an order, the most he can do is to grant an order to show cause before himself or some other judge or some court, why proceedings should not be stayed &c. The last paragraph of § 401 is as applicable to such an order as any other.

The respondents are not entitled to an order that the appellants file security for costs on appeal from a judgment although the latter is a foreign corporation. If the appellants stay proceedings they must give security on the appeal, or the stay, if obtained from the court or a judge, will be upon such terms as may be just.

*Albany Special Term, November* 1852. Motion to set aside an *ex parte* order staying proceedings; and also that the plaintiffs be required to file security for costs.

The action was tried before a referee, who reported in favor of the defendants. Judgment having been entered upon the re-

port, the plaintiffs, on the 8th of October 1852, served upon the defendants' attorney notice of appeal to the general term, and a copy of an order, made by one of the justices of this court, staying the defendants' proceedings until the judgment of the court, upon the case made and settled in the cause. The order was made without notice to the defendants' attorneys. The plaintiffs are a corporation created by the laws of Connecticut, but their business is transacted in this state, where they have property to the value of $60,000.

A. EDWARDS, *for Defendants.*

H. SACIA, *for Plaintiffs.*

HARRIS, Justice.—If a party appealing from a judgment entered upon the report of a referee, would have proceedings stayed upon the judgment, he must either give the security prescribed by the 348th section of the Code, or obtain an order for that purpose from the court or a judge. The court may, if it think fit, make the order without requiring notice to the adverse party, but when the application is made to a judge out of court, the most he is authorized to do is to make an order that the adverse party show cause before himself or some other judge, or some court having authority to entertain the application, why the proceedings should not be stayed until the case can be heard and decided upon the appeal, and staying proceedings in the mean time. The last paragraph of the 401st section of the Code is as applicable to such an order as any other. The order staying proceedings in this case, therefore, was unauthorized and must be set aside.

I think the motion that the plaintiffs be required to file security for costs should be denied. The defendants have already recovered judgment. There is now nothing to prevent their proceeding to enforce that judgment. If the plaintiffs stay the proceedings, they must either give security for the judgment and costs, or the stay must be obtained from the court or a judge. In the latter case the order will be made upon such terms, as to security or otherwise, as may be just. The fact that the plaintiffs are a foreign corporation may be a proper consideration to present upon the application for such an order. The defendants, having but partially succeeded in their motion, are not entitled to costs.