NEW-YORK PRACTICE REPORTS. **193**

Ward & Ward agt. Dewey & wife, and Eleanor Ward.

## SUPREME COURT.

CORNELIUS S. WARD and JOEL WARD agt. ELIAS DEWEY and MARY his wife, and ELEANOR WARD.

An action cannot regularly be brought to trial, until it is in such a situation that a *final judgment* can be rendered between *all the parties.* It cannot be tried in *sections*, without leave of the court.

Nor, where an action is at issue, as against all of several defendants, can any *one* of them give notice of trial, and upon the failure of the plaintiff to appear, take a judgment against him by default.

The cause must not only be in readiness for trial as between all the parties to the action, but it must also have been noticed for trial by all the defendants who have a right to appear on the trial and move for judgment against the plaintiff. Where the cause has not been noticed for trial by the plaintiff, and but one of several defendants who has appeared and answered has noticed it, no effectual trial can be had. Of course, the plaintiff cannot be forced to trial in such a case.

If there be several defendants who are each entitled to notice of trial, *all* must have notice before the plaintiff can move on the trial. On the other hand, all the defendants must have given notice of trial to the plaintiff before any of them can move the trial as against the plaintiff.

If a plaintiff fail to prosecute his action against several defendants with diligence, *one* of such defendants may, in a proper case, and upon motion for that purpose, have the action dismissed as against him, leaving it to stand against the other defendants. In such case, a notice of trial will be of no avail, unless given by all the defendants who are parties to the issues to be tried.

Where the defendant alleges in his answer that "there is another action now pending between the same parties for the same identical cause of action mentioned in the complaint in this action," it is sufficiently *definite* and *certain.*

*Albany Special Term, Nov.,* 1854.

MOTION to set aside order dismissing complaint, &c.

The summons and complaint were served on the defendants, Dewey and wife, on the 2d of September, 1854, and on the defendant, Eleanor Ward, on the 9th day of the same month. On the 7th of September, the attorney for the defendant, Elias Dewey, served upon the plaintiffs' attorney an answer and a notice of trial for the Schoharie circuit, to be held on the third Monday of the same month. On the 19th of September, the

cause having been reached upon the calendar, the counsel for the defendant, Dewey, moved for, and obtained an order dismissing the complaint, no one appearing for the plaintiffs.

The action was brought for the partition of land. The defendant, Dewey, in his answer, set up, by way of defence, that, prior to the commencement of this action, he had commenced an action in this court against the plaintiffs *and others* for the partition of the same lands mentioned and described in the complaint in this action, and that a summons and complaint had been personally served on the plaintiffs, Cornelius Ward and Joel Ward, and the other defendants named therein.

On the 13th of September, the plaintiffs' attorney gave notice to the attorney of Dewey that he would move, at the special term to be held at Albany on the last Monday of October, for an order requiring the answer to be made more definite and certain, by naming all the parties, plaintiff and defendant, in the former action.

At the October special term, an order was made directing that the motion stand over until the November special term, at which term the plaintiffs' counsel also moved to set aside the order dismissing the complaint. The motions were argued together.

LYMAN TREMAIN, *for plaintiffs.*
JAMES E. DEWEY, *for defendant, Dewey.*

HARRIS, Justice. The notice of trial by the defendant, Dewey, was premature, and the order dismissing the complaint as to him was irregular. The cause was not ready for trial. The time for Mrs. Ward to answer had not yet expired. Indeed, twenty days had not yet elapsed since the service of the summons and complaint on the defendant, Dewey. If the plaintiffs, when the cause was reached upon the calendar, had appeared and offered to try it, they would not have been permitted to do so. If the cause had been noticed for trial by the plaintiffs, they could not have brought it to trial, for the reason that it was only in readiness for hearing as against one of the

defendants, Mrs. Ward; and even Mrs. Dewey might yet answer the complaint.

An action cannot regularly be brought to trial until it is in such a situation that a final judgment can be rendered between all the parties. It cannot be tried in *sections*, without leave of the court. If the ends of justice require that there should be a separate trial between the plaintiff and one of several defendants, application must be made to the court for an order directing such a trial. Upon such an application, the court may, if it see fit so to do, direct that separate trials be had between the several parties to the action.

Nor do I understand that where an action is at issue, as against all of several defendants, any one of them may give notice of trial, and, upon the failure of the plaintiff to appear, take a judgment against him by default. The cause must not only be in readiness for trial as between all the parties to the action, but it must also have been noticed for trial by all the defendants who have a right to appear on the trial. Where the cause has not been noticed for trial by the plaintiff, and but one of several defendants who has appeared and answered has noticed it, no effectual trial can be had. Of course, the plaintiff cannot be forced to trial in such a case. The term " either party," as used in the 256th and 258th sections of the Code, is to be construed in reference to the subject-matter to which the provisions of these sections relate, which is, the trial of the issues which have been joined in the action. When it is said that " either party may give notice of trial," it is intended that the notice which shall give the right to bring on the trial of the action must be given by one or the other of the parties to all the issues triable at the same time. If there be several defendants, who are each entitled to notice of trial, all must have notice before the plaintiff can move on the trial. On the other hand, all the defendants must have given notice of trial to the plaintiff before any of them can move the trial as against the plaintiff. If a plaintiff fail to prosecute his action against several defendants with diligence, one of such defendants may, in a proper case, and upon motion for that purpose,

Ward & Ward agt. Dewey & wife, and Eleanor Ward.

have the action dismissed as against him, leaving it to stand against the other defendants. In such a case, a notice of trial will be of no avail, unless given by all the defendants who are parties to the issues to be tried. (*See Burnham* agt. *De Bevoise,* 8 *How.* 159.)

The other motion must be denied. A party is authorized, when the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defence is not apparent, to apply for an order requiring the pleading to be amended, so as to make it definite and certain. This is not such a case. A party is allowed to demur to a complaint, when it appears upon its face that there is another action pending between the same parties for the same cause; and when the fact exists, but does not appear on the face of the complaint, the objection may be taken by answer.

The defendant has availed himself of this provision of the Code. He alleges, in his answer, that " there is another action now pending between the same parties for the same identical cause of action mentioned in the complaint in this action." This was all he was required to do. Such an answer is neither indefinite nor uncertain. It plainly indicates the precise nature of the defence relied upon by the defendant. It is true, that, in this case, the defendant, in his answer, has gone on to state that he is himself the plaintiff in the prior action, and that the plaintiffs in this action, together with other persons not named, are the defendants in that action. This it was unnecessary for him to do. Having alleged the fact that a prior action was pending between the same parties, and for the same cause, he would be obliged to prove the allegation upon the trial, in order to sustain his defence, but he could not be required to state, more explicitly, in his answer, the proof he expected to furnish.

As each party has succeeded upon one motion, the costs may be considered as balanced. No order need be made on that subject.