## SUPREME COURT.

#### Lucius N. Bangs, receiver, &c. agt. Ethelanda Selden.

A justice of the supreme court, like any other officer, *when acting out of court,*
  is an officer of *limited jurisdiction.*

Any judge, anywhere, may make an order out of court, and *without notice,*
  *staying the proceedings* in an action, to enable a party to apply for some
  ulterior relief, provided the time shall not exceed *twenty days.*   But if the
  stay goes beyond that limit, the order is void.   The judge has transcended
  his *jurisdiction.*

Where a stay is desired to be longer than twenty days, the application must be
  upon *notice.*   And such application being a *motion,* must be made *within the
  district where the action is triable, or an adjoining county.*   If made any-
  where else, the proceeding is *coram non judice.*

It seems to be unfortunate, that the commissioners who devised the present sys-
  tem of practice, should have thought it expedient, in so many instances, and
  evidently at considerable pains, to have substituted new terms, and forms of
  expression, to indicate the same thing which existed under the former
  system.

For instance, the word "*venue*" was well adapted to designate the *county*
  where the action was to be tried.   No other single word can be made to ex-
  press the same thing.   In its stead there are, "*the place of trial,*" "*the*

Bangs, receiver, &c. agt. Ethelanda Selden.

*proper county,*" " *the county where the action must be tried,*" " *the county in which the plaintiff desires the trial to be had,*" and " *the district and county in which the action is triable.*" This, if considered a *simplification,* will *scarcely* be called an *abridgment.*

An action is *triable only* in the county of the *venue.* It may be the county selected by the plaintiff when preparing his complaint, or the county to which the venue has subsequently been removed by order of the court.

*Motions* in the action can only be made when notice is required, within the district which embraces the county where the venue is at the time of making the motion, or a county adjoining that of the venue. When the object of the motion is a *change of venue,* it must of necessity be made *in the district where the county designated in the complaint as the place of trial, is found,* or an *adjoining county.* No court sitting elsewhere has *jurisdiction* of the subject. (*It will be seen that, on this point, this decision agrees with that of Judge* MARVIN *in this same case—ante page* 163.)

*Albany Special Term, Nov.,* 1856.

MOTION to set aside proceedings for irregularity, &c.

The action was brought upon a promissory note. The place of trial specified in the complaint is the county of *Genesee.* The defendant resided in Rensselaer. At a special term, held in Albany in May, 1856, a motion was made, on behalf of the defendant, to change the place of trial from Genesee to Rensselaer. The motion was opposed, upon the ground that the court in Albany had no authority to entertain the application. The objection was overruled, and an order was made changing the place of trial to the county of Rensselaer.

The plaintiff appealed from the order, by serving notice of appeal on the defendant's attorney, and also on the clerk of Genesee. The defendant's attorney noticed the cause for trial at a circuit court to be held in Rensselaer on the first Monday of June. On the 9th of June an order was made by one of the justices of this court at Buffalo, upon notice to the defendant's attorney, staying all proceedings on the part of the defendant, until the appeal from the order changing the place of trial should be heard at a general term.

This order was made at chambers, and was never entered with the clerk of any county. The plaintiff noticed the appeal for hearing at a general term to be held at Rochester in September, but the court declined to hear it. The defendant's

attorney again noticed the cause for trial at a circuit to be held in Rensselaer on the first Monday of October; and, on the 7th of October the complaint was dismissed, and judgment entered with the clerk of Rensselaer.

The plaintiff's attorney then gave notice of a motion to be made at a special term to be held in Wyoming on the 27th of October, to set aside the order changing the place of trial, and all subsequent proceedings for irregularity. The motion was argued before Mr. Justice Marvin, who, after consideration, dismissed the motion without costs, and without prejudice to any other or further motion or proceeding which the plaintiff might be advised to make or to take.

Upon affidavits showing these facts, the plaintiff again moved, in Albany, to vacate the order changing the venue, and also the judgment taken at the October circuit in Rensselaer.

John K. Porter, *for plaintiff.*
Jeremiah Romeyn, *for defendant.*

Harris, Justice. The validity of the order of Mr. Justice Greene, staying the defendant's proceedings until the appeal from the order changing the venue in the action should be heard, must depend upon the question whether the latter order was effectual to transfer the action from Genesee to Rensselaer.

A judge of the supreme court, like any other officer, when acting out of court, is an officer of limited jurisdiction. He may do just what the legislature has authorized him to do, and whatever he does more than this, is done without jurisdiction. Any judge, anywhere, may make an order, out of court, and without notice, staying the proceedings in an action to enable a party to apply for some ulterior relief, provided the time shall not exceed twenty days. But if the stay go beyond that limit, the order is void. The judge has transcended his jurisdiction.

Where the stay of proceedings is longer than twenty days, the party whose proceedings are to be stayed is entitled to be heard. Notice of the application must be given. But then the application must be made within the district where the ac-

tion is triable, or an adjoining county. If made anywhere else, the proceeding is *coram non judice*. It is true, that the supreme court is a *unit*, at least in *theory*. It is also true, that it is a court of *general* jurisdiction. But by that we are not to understand that it is a court of *unlimited* jurisdiction. The legislature have the same power to regulate the mode in which it shall exercise its jurisdiction as though it were a court of limited jurisdiction. When, therefore, the legislature declare where, and under what circumstances, that class of proceedings denominated motions shall be had, neither the court nor its judges have the power to entertain such proceedings elsewhere, or under other circumstances. If they do, they act without authority, and their act is void.

In this case, Mr. Justice GREENE entertained, in the 8th judicial district, an application, upon notice, for an order. That application was a motion. It could only be made within the district in which the action was triable, or an adjoining county. If the venue was still in Genesee, then, as that county is within the same district, the judge had jurisdiction of the proceeding, and his order staying proceedings was valid and operative. But if the order of the 19th of May had the effect to transfer the action from Genesee to Rensselaer, then, as the action was no longer triable in the eighth district, the motion could not be made there, and the order staying proceedings might be disregarded. It was unauthorized. Thus we are brought to the consideration of the question, whether the venue in this action has, in fact, been changed.

I have always deemed it unfortunate that the commissioners who devised our present system of practice should have thought it expedient, in so many instances, to have substituted new terms and forms of expression to indicate the same thing which existed under the former system. The word "*venue*" was well adapted to designate the county where the action was to be tried. Its meaning was well understood. No other single word can be made to express the same thing. I never could understand why it should have been so carefully excluded from the diction of the Code. It has not been done without con-

siderable pains, as is evident from the various phrases to which the codifiers have found themselves compelled to resort for the want of any other single word to express the same thing. Sometimes it is called "the place of trial," sometimes "the proper county;" again, "the county where the action must be tried;" and yet again, "the county in which the plaintiff desires the trial to be had." In the 401st section of the Code, we find the terms "district and county in which the action is triable" used. It is declared that *motions* must be made within the district in which the action is *triable*, or else in a county adjoining the county in which the action is *triable*, and that when the action is *triable* in New-York, the motion must be made there; and again, that an order, out of court, may be made by the county judge of the county where the action is *triable*.

I had occasion to examine these provisions in *Chubbuck* agt. *Morrison*, (6 *How.* 367,) and then came to the conclusion that all these expressions meant the *venue* in the action. I am still of that opinion. Others, however, seem to have thought that these expressions are entitled to a broader construction, and that, by the county in which the action is triable, is to be understood, any county in which the venue might have been laid, which of course embraces every county in the state; for, in that sense, every action is triable in any county; or, if the expression is to have a more restricted meaning, then, that it should be construed to embrace every county in which, according to the provisions of the 123d, 124th and 125th sections of the Code, the venue might *properly* have been laid by the plaintiff.

It is this latter construction for which the defendant contends in this case. The plaintiff resides in the county of Genesee. The defendant in the county of Rensselaer. According to the 125th section of the Code, the plaintiff, when designating the venue, might choose between those counties. Either was eligible as the place of trial; or, as it is said, the action is triable in either county. If this were so, it would follow that, though the venue is, in fact, in Genesee, and, unless

it is changed by the order of the court, the trial must be had in that county, yet, that any motion in the action may be made in the *third* judicial district, or any county adjoining the county of Rensselaer, or in the *eighth* judicial district, or any county adjoining the county of Genesee, at the option of the moving party.

The history of this action furnishes an illustration of the confusion which would result from such a construction of the provisions of the section of the Code under consideration. Such a state of things would be absolutely intolerable. I am persuaded that nothing like this was ever contemplated by the framers of the Code.

As I understand the provisions of the Code in relation to the venue of actions, the 123d section declares what shall be regarded, in the first instance, as the proper county for the trial of the class of actions there specified. The 124th declares, in respect to another class of actions, what shall be regarded as the proper place of trial in such actions, and the 125th section declares what shall be regarded as the proper county for the trial of all other actions. By the 126th section it is provided that, notwithstanding the provisions of the preceding sections, the plaintiff may, at his peril, locate his venue in any other county in the state. The defendant may insist upon having it changed to the proper county; but if he do not, the action is to be tried in the place selected by the plaintiff. The action is triable *only* in the county of the *venue*. It may be the county selected by the plaintiff when preparing his complaint, or the county to which the venue has subsequently been removed by order of the court. Motions in the action can only be made, when notice is required, within the district which embraces the county where the venue is at the time of making the motion, or a county adjoining that of the venue. When the object of the motion is a change of venue, it must of necessity be made in the district where the county designated in the complaint as the place of trial, is found, or an adjoining county. No court sitting elsewhere has jurisdiction of the subject. The order in question was, therefore, void for want of jurisdiction.

It may seem indelicate that, sitting as I do, in special term, I should assume to review the decision of my brother, made at a like term, and to vacate the order he has made as erroneous. Under ordinary circumstances, it would not become me to do so. But in this case, what else can I do? The court at a general term, in the *seventh* district, sitting in a county adjoining Genesee, and Mr. Justice MARVIN, when holding a special term in the *eighth* district, have, with commendable forbearance and comity, declined to interfere with what has been done in the *third* district.

The defendant insists that the order changing the place of trial is not appealable, and, if it is, that no valid appeal has been taken. Under these circumstances, convinced as I am that the order was inconsiderately made, and is in fact void, I have no alternative but to grant the motion to set it aside. The defendant will thus, if he still has confidence in the regularity of his proceedings, be enabled to have the question more deliberately reviewed upon appeal.

An order must be entered vacating the order of the 19th of May, changing the place of trial from Genesee to Rensselaer, and all subsequent proceedings in the action.

Under the peculiar circumstances to which I have already adverted, I think I ought not to impose upon the defendant the costs of the motion.