## MORRIS a. CRAWFORD.

*Supreme Court, First District; General Term, Feb.,* 1863.

DEFENDANTS ANSWERING SEPARATELY.—DISMISSAL OF COMPLAINT.
—DELAY BY PLAINTIFF.

An action cannot be brought to trial by one or more of the defendants, while the others have not been served with the summons, nor have appeared in the action.

If the plaintiff neglects to serve some of the defendants with process, the remedy of the defendants served is not by noticing the cause for trial, but by motion at chambers to dismiss the complaint. (*Code,* § 274, subd. 4.)

Appeal from an order denying a motion to set aside a dismissal of the complaint.

This was a foreclosure-action brought by Thomas J. Morris against Andrew Crawford and seventeen other defendants. Part of the defendants had been served with the summons or had appeared, leaving others unserved, who had not appeared. William R. Stafford was appointed guardian *ad litem* for Maria E. and A. M. Stafford, infant defendants, and put in an answer not denying the allegations of the complaint, and submitting the rights of the infants to the court. This was the only answer in the cause. The guardian noticed the cause for trial, serving the notice upon the plaintiff's attorney only; the plaintiff's attorney returned the notice as irregular, with notice that all the defendants had not yet been served. On proof of service of the notice of trial, the guardian procured an order dismissing the complaint as against the infants. The plaintiff moved to set aside the dismissal as irregular; but the motion was denied, and the plaintiff now appealed.

*Daniel M. Porter,* for the appellant.—I. There was no service of notice of trial upon the plaintiff, it having been returned for irregularity.

II. The dismissal was irregular and illegal. 1. Because the

case was not at issue as to all the defendants, and the action could not be tried till such issue was made up, or default made. (Burnham *a.* Debevoise, 8 *How. Pr.*, 159 ; Ward *a.* Dewey, 12 *Ib.*, 193 ; Powell *a.* Finch, 5 *Duer*, 666 ; see, also, Hewitt *a.* Howell, 8 *How. Pr.*, 346.) 2. Because notice of trial was not served on the other defendants who appeared. (Tracy *a.* N. Y. Steam Faucet Co., 1 *E. D. Smith*, 349, 356 ; Ward *a.* Dewey, 12 *How. Pr.*, 193 ; *Code*, § 414.) 3. Because the cause was not noticed for trial by the other defendants who had appeared. (Cases last cited, and Burnham *a.* Debevoise, 8 *How. Pr.*, 160.)

III. The order is appealable. (Tracy *a.* N. Y. Steam Faucet Co., 1 *E. D. Smith*, 349 ; Baker *a.* Curtis, 7 *How. Pr.*, 478.)

*William R. Stafford*, guardian *ad litem*, respondent.

INGRAHAM, J.—From the decisions, I conclude that the better practice, in a case where the cause is not at issue as to all the defendants, and the plaintiff does not proceed as to those who have not answered, is for the other defendants to move at chambers to dismiss the complaint as to them. The case of Ward *a.* Dewey (12 *How. Pr.*, 193) holds it to be irregular in such a case for one of the defendants to notice it for trial. There may be good reasons why the party should be put to his motion. The plaintiff would then have the opportunity of showing any excuse which he might have for not proceeding. This he could not do at the trial.

The order below should be reversed, and an order granted setting aside the dismissal of the complaint, without costs, and with leave to defendants to move at chambers for relief.

SUTHERLAND, P. J., and CLERKE, J., concurred.