# CULVER *a.* HOLLISTER.

*Supreme Court, First District; General Term, February,* 1864.

EX-PARTE ORDER.—STAY OF PROCEEDINGS WITHOUT NOTICE.—IR-
REGULARITY.—INDEFINITE AND UNCERTAIN PLEADING.—FRAUD
AND COLLUSION.—PLEADING EVIDENCE.

Where a motion is made to vacate an order, obtained *ex parte,* for irregularity in
respect to the want of notice, and, on hearing the parties, the court declines to
vacate the order, the defect, if any, is cured, and an appeal from the second
order is not well taken. (SUTHERLAND, J., dissenting.)

On an appeal from an order requiring a pleading to be made more definite and
certain, the proper method of suspending the operation of the order pending
the appeal, is by a stay of proceedings, not by an extension of the time for
an amendment.

---

An answer, alleging that a judgment relied on by the plaintiff was obtained by
fraud and collusion between parties named, is sufficiently definite and certain,
without specifying the acts which show fraud and collusion.

I.—Appeal from an order denying a motion to set aside an
order extending time to answer for irregularity.

This action was brought by John P. Culver against David
M. Hollister and another, upon an undertaking given by de-
fendants as sureties on an appeal: the appeal had been deter-
mined in favor of the respondent in the action in which the un-
dertaking was given. The answer set up that the affirmance
had been obtained by fraud and collusion between the parties.
The plaintiff moved to require the answer to be made more
definite and certain, by specifying the acts of collusion and
fraud relied upon. The motion was granted, and ten days was
allowed to enable the defendant to amend his answer in these
respects. The defendant, however, appealed from this order,
and, after his time to answer had expired, obtained from a jus-
tice of the court at chambers an order *ex parte,* extending the
time to amend the answer until ten days after the determination

of the appeal. This order plaintiff moved to set aside for irregularity. Mr. Justice Clerke denied the motion, with the following opinion.

CLERKE, J.—The order which is sought to be set aside, is not an ordinary order staying proceedings until an appeal from an order shall be decided. It merely suspends the operation of the order appealed from, until the decision of the general term. Such an order the court may, if it think fit, make without requiring notice to the other party. Even on an appeal from a judgment to the general term, the court may grant a stay without notice. (Steam Nav. Co. *a*. Weed, 8 *How. Pr.*, 49.) To be sure, the judge, in that case, said that a judge out of court could not do this, but I think he could do it in regard to an order. At all events, as there is no distinction in this district between an order granted at chambers and an order granted at special term, I shall deem the order sought to be set aside in this case, as an order of the court; and, if necessary, the form of the order may be amended, so as to make it appear on its face as an order of the court.

Motion denied, without costs.

The plaintiff appealed.

*J. W. & W. W. Culver*, for the appellant.—I. A justice of the Supreme Court, like any other officer, when acting out of court, is an officer of limited jurisdiction. He may do just what the Legislature has authorized him to do; and whatever he does more than this, is done without jurisdiction. (Bangs *a*. Selden, 13 *How. Pr.*, 374; Clark *a*. Judson, 2 *Barb.*, 90.)

II. Any judge, anywhere, may make an order out of the court, and without notice, staying the proceedings in an action, to enable a party to apply for some ulterior relief, provided the time shall not exceed twenty days; but if the stay goes beyond that limit, the order is void. The judge has transcended his jurisdiction. (Bangs *a*. Selden, 13 *How. Pr.*, 374; Wood *a*. Kimball, 18 *Ib.*, 163.)

III. The Legislature never intended to impose upon the judges the duty, or confer the right, to review at chambers each other's *ex-parte* orders. (Cayuga County Bank *a*. Warfield, 13

*How. Pr.*, 439 ; Hart *a.* Butterfield, 3 *Hill*, 455 ; Ryle *a.* Harrington, 14 *How. Pr.*, 59 ; *Code*, § 255.)

IV. The time to comply with the order having expired, a judge, or the court, had no power to open the default except upon notice to the opposite party.

*Bogardus & Brown*, for the respondent.—The right to extend the time in this case, is expressly given by section 405 of the Code.

LEONARD, J.—This appeal is from an order denying a motion to vacate an *ex-parte* order extending the time to answer, after the appeal was taken, until ten days after the hearing and decision of an appeal from an order directing the defendant's answer herein to be made more definite and certain.

Conceding that the order made, *ex parte*, extending the time to answer after a decision at special term directing an answer to be made more definite and certain in ten days, and on expiration of that period, was irregular, it does not follow that the order denying the motion at a special term, made on notice, when both parties were before the court, to vacate the *ex-parte* order, was not properly made.

The order denying the plaintiff's motion amounted to a stay of proceedings merely till the appeal was heard. This motion was heard and decided at special term, when both parties were before the court on notice; and the judge had jurisdiction to grant a stay of proceedings, which would have the same effect only as the order appealed from. (9 *Abbotts' Pr.*, 419.) If the order directing the answer to be made more definite and certain should be affirmed, the general term could, and on request would, regulate the further time, if any, which should be granted to the defendant within which to comply with the terms of the order. If the order should be reversed, then no further time to answer would be required, as the answer already served would put the cause at issue.

I have looked into the answer referred to, and do not consider it clear, by any means, that it is insufficient, or requires to be made more definite.

I think the order appealed from here should be modified, so as to direct a stay of proceedings, on the part of the plaintiff,

till the decision of the appeal from the order in relation to the answer. Ten dollars, costs of the appeal, to abide the final result of the action.

CLERKE, J., concurred.

SUTHERLAND, J.—The order served on the plaintiff's attorneys on the 27th of October, extending time to serve amended answer ten days, was, I think, irregular, and would have been without force, even had it been served before the expiration of the time fixed by the original order for serving the amended answer. I infer from the papers that such order, extending the time to serve an amended answer, was made *ex parte*, and out of court. The original order, giving the defendant ten days to serve an amended answer, was a part of the decision or order made at special term, on the motion of the plaintiff, that the defendant make his answer more definite and certain ; and I do not think that the time thus fixed by the order, as part of the decision of the justice who heard the motion on notice, could regularly be extended by another justice, *ex parte* and out of court.

But perhaps the question of the regularity of the order served on the 27th of October, extending the time to serve an amended answer, is not presented by this appeal. The appeal is from the order of the 19th of November, denying the plaintiff's motion to vacate the *ex-parte* order of the 10th of November, giving the defendant until ten days after the decision of the general term, on the appeal of the defendant from the original order of the 14th of October, requiring him to make his answer more definite and certain as to certain particulars specified in it, and giving him ten days within which to serve the amended answer.

Perhaps, then, the only question in the case is as to the regularity of the order of the 10th of November.

The case of Wood *a.* Kimball (9 *Abbotts' Pr.*, 419 ; S. C., 18 *How. Pr.*, 163), and the cases there cited, clearly show that the order of the 10th of November was irregular, and should have been set aside.

The order having been made *ex parte*, and out of court, I doubt whether even the justice that made it could, in deciding the motion made before him to vacate it, deem it to be the

order of the court, or cure its irregularity and give force to it, by considering it as amended, so as to purport to have been made by the court.

I think the order appealed from should be reversed, with $10 costs, and that the order of the 10th of November should be vacated.

Order affirmed.

———

II.—Appeal from an order requiring the answer to be made more definite and certain.

The facts are already above stated: both appeals came on for hearing at the same term.

*Bogardus & Brown*, for the appellant.—The answer sets up a perfect defence, if proved. It alleges, not conclusions, but facts. The motion was in the nature of a special demurrer. The answer is not so indefinite and uncertain that the precise nature of the charge is not apparent. (*Code*, § 160; Ward a. Dewey, 12 *How. Pr.*, 196.) We are required by the Code to plead facts; by the order appealed from, we are required to plead the evidence of facts.

*J. W. & W. W. Culver*, for the respondent.

SUTHERLAND, J.—If the defendant's answer was defective in not setting out the facts showing the collusion and fraud alleged in the answer, I am of the opinion that the plaintiff's remedy was by demurrer, not by motion that the answer be made more definite and certain.

The allegation of collusion and fraud in the answer was certain and definite. It can hardly be said that the amendment, required by the order appealed from, tended to make the charge or allegation of collusion and fraud more definite or certain, by requiring the defendant to state the facts generally, showing the fraud or collusion.

I do not mean to intimate an opinion that the answer would be held bad on demurrer, because it does not state the facts

showing the collusion and fraud.   It is not necessary to express an opinion on that question.

In my opinion, the order should be reversed, with $10 costs.

LEONARD and CLERKE, JJ., concurred.