THE STATE *v.* THE JUDGE OF THE FOURTH DISTRICT COURT OF NEW ORLEANS, ex rel. BELLOCQ, NOBLOM & Co.

*The right of plaintiff to execute the judgment which he has obtained for a sum of money, can only be suspended upon a petition, affidavit and bond, given for an injunction.*

APPEAL from the Fourth District Court of New Orleans, *Théard,* J. *A. & M. Voorhies, for relators.*—The only question presented in this Court for adjudication, is whether a final judgment on a rule taken by defendants in execution to compel the Sheriff to seize property pointed out by them, in preference to property pointed out by the plaintiff in execution is appealable, or whether the remedy is to enjoin this judgment.

All other questions are waived ; and should your Honor determine, as the District Judge, that an injunction, and not an appeal, is the remedy in such a case, then our application for a mandamus must fail.

The matter in contestation before the District Court was at first two-fold, to wit :

1st. The question of legality of a writ of fi. fa., issued in New Orleans by a Deputy Clerk, whilst the Clerk is in attendance ; and

2d. The denial to the defendants in execution of their right to point out property.

The reasons given by his Honor the District Judge, in overruling the first objection, cover the ground so effectually that the defendants waived all further discussion on this point ; and they rested satisfied with the decision of the second point, by which their undoubted right to point out property was fully recognized.

Had the matter rested here your Honors would not have been troubled with this case, unless the plaintiff had, as he intimated in the Court below, taken a suspensive appeal in the premises.

However, he moved for a new trial, and despite the earnest opposition of the defendant's counsel, succeeded in his motion, and finally judgment was rendered effectually and practically, denying to the defendants the exercise of their rights.

Hence the motion for a suspensive appeal, which was opposed by the plaintiff, on the ground that the case was not appealable on the part of the defendants, although perfectly appealable on her part.

In refusing the appeal, the District Judge states :

"The Court being of opinion that the effect of this appeal, if it were granted, would be to stay the execution of the judgment rendered in this case, and that the only proceeding by which the same can be stayed is by injunction, according to law, the prayer of petitioner is refused."

This Court has certainly jurisdiction by way of appeal, if the judgment on the rule be final. The best proof of its finality is that, if suffered to be executed, away goes the right of the defendant to point out property; and the property remains in the hands of the Sheriff to be disposed of in due course of time, exactly as if they had pointed it out to the Sheriff themselves.

But what better proof of its finality, since the District Court itself says that the only remedy of the defendant is by way of injunction?

But even if the judgment be not final, yet, as its execution must inevitably cause an irreparable injury, by the absolute denial of the defendant's right to point out property in preference to plaintiff in execution, the appeal would attach under C. C. 566. See C. P. 537, 538, 539, 540; C. C. 2265.

Had the defendants proceeded by injunction to defeat the judgment on the rule, the plaintiff would have triumphantly retorted, that we were attempting to try over the same issue in a different form; and furthermore, that whatever had been urged by us previous to the judgment on the rule, could not be subsequently set up by way of injunction. See *McRae* v. *Purvis*, 12 A. 86; *Megget* v. *Lynch*, 8 A. 6; and *State* v. *Langton*, 6 A. 282; and authorities quoted in those cases,

So far, this question has been argued on general principles, without reference to the adjudications on this matter. The Supreme Court, upon the strength of the reasons and principles developed in the above argument, have decided formally that the remedy is not by injunction, but strictly by appeal; so that the question cannot be considered as an open one. *Grampen* v. *Andry*, 4 M. 314; *Dabbs* v. *Henkins*, 3 R. R. 123; *Andry's Ex.* v. *Fourchy*, 7 R. R. 232; *Templet* v. *Marshall*, 11 A. 613.

Nor is it of any consequence that the suspensive appeal on the rule would or not have the effect of suspending the execution on the principal judgment; for, as during that interval of time, the property illegally seized remains in the custody of the law, the party aggrieved cannot possibly be the plaintiff, whilst, on the other hand, the defendants are exposed to suffer loss, apart from the hardship of being all the while deprived of their property.

But the truth is, that such an appeal does not have that effect, except as regards the particular property which she illegally caused to be seized, and no further.

In other respects the plaintiff can proceed with the execution of the original judgment, provided she abandons the unheard of pretension that the plaintiff, and not the defendant in execution, has the prior right of pointing out property for seizure. Now, if the suspensive appeal on the rule does not have this effect, what benefit could be derived from a suspensive appeal?

We do not wish to interfere in the least with the execution of the original judgment: we are satisfied with it. The plaintiff has a right to issue alias fi. fa. to each and every parish of this State. He is authorized by legislative enactment to do so. The suspensive appeal on the rule, therefore, does not suspend the execution on the original judgment except quoad the property illegally seized in utter violation of the right of defendants in execution to point out property.

The question as to amount of bond to be furnished for this appeal does not come up on the mandamus. The only question is, whether this case

be appealable at all. See, however, our petition for appeal, which is specific and full on this point, quoting C. P. 575; 7 N. S. 352; 16 La. 520; 10 A. R. 345.

LABAUVE, J. B. Bellocq, Auguste Noblom and Pierre Roy, defendants in execution, in the suit of Mrs. C. Gayarré against them, in the Fourth District Court, state that, on executing the writ of fi. fa., the Sheriff proceeded, at the instance of the plaintiff, to seize property, real and personal, disregarding the debtor's right to point out property. That a rule was taken upon the Sheriff to restrain him; and that, upon a final trial of said rule on a new trial, the Judge had ordered that the relator's property, which had been seized, should remain in the custody of the law until the Sheriff should have seized the property, which he refused to levy upon, advertised and proceeded to sell the same. That, from that order, they have applied for a suspensive appeal to this Court, and that the District Judge refused to grant it. They prayed for a writ of mandamus to the Judge to show cause why he should not grant a suspensive appeal. This writ having been issued, directed to the Judge of the Fourth District Court of New Orleans, he has answered in this Court, in substance : That, in the case of Mrs. Gayerré v. Bellocq, Noblom & Co., a judgment was rendered in favor of plaintiff, on the 20th November last, and signed on the 24th of same month.

No appeal having been taken, an execution issued on the 13th of December, the Sheriff seized the household furniture and real estate of the defendants. That, on a new trial, the following order was rendered :

"It is ordered that the rule be made absolute, with the following reserve, in favor of plaintiff: That the Sheriff shall seize and sell first the notes pointed out by defendants; and should they prove to be insufficient to pay the claim of plaintiff, with interest and cost, then he, the said Sheriff, shall proceed to satisfy the same out of the property now under seizure, which he shall keep in his possession for that purpose."

That, from this judgment, the relators have filed a petition, praying for a suspensive appeal, upon furnishing security for cost only.

The Judge continues : The prayer has been refused because the District Court is of opinion that the effect of this appeal, if it were granted, would be to stay the execution of the judgment rendered in the case ; and that the only proceeding, by which the same can be stayed, is by injunction according to law, and that execution of judgment of Courts cannot be stayed by mere motions and rules. He cites Act of April 9, 1826, amending C. P. Art. 298; *Minor* v. *Bank of United States*, 4 R. 490 ; *Clemmet* v. *Oakey*, 2 R. 90.

We are of opinion that the District Judge decided correctly in refusing an appeal.

A final judgment had been rendered, and an execution having issued, the Sheriff seized property, and the defendants in execution pretending that the Sheriff had not proceeded legally, took a rule upon him. If a

party pretends that the Sheriff proceeds illegally in the execution of his office, the remedy is clearly pointed out by law. C. P. Art. 298; Statute 7th April, 1826, p. 170, § 9. The right of plaintiff to execute the judgment, which he has obtained for a sum of money, can only be suspended upon a petition, affidavit and bond given for injunction. 9 A. 301.

The rule is dismissed, at the cost of the relators.

---

## ON AN APPLICATION FOR A REHEARING.

ILSLEY, J. The case No. 824 being a mandamus case, no application for a rehearing can be entertained by this Court; and, as the prayer in the petition, in the case No. 859, is for a writ of mandamus, to be issued to the Judge of the Fourth District Court of New Orleans, to show cause (which he has shown) why he should not enjoin the Sheriff of the Parish of Orleans from futher proceedings (in the suit in the said District Court pending, entitled Mrs. C. Sullivan, wife, etc., v. Bellocq, Noblom & Co.), until the Judge of the said District Court is satisfied of the finality of the judgment, in the case No. 824, and which said judgment is final, the complaint in 859 is dismissed, at the costs of the petitioners, as no just or useful purpose could be answered by the issuance of the writ of mandamus.