(125 App. Div. 752.)

## DE LEON v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, First Department.    May 8, 1908.)

COSTS—RIGHT TO COSTS.

> Under Code Civ. Proc. § 3228, subd. 5, providing that in an action brought in the Supreme Court, triable in the county of N. Y. or K., which could have been brought, except for the amount claimed, in the City Court of N. Y. City, or the County Court of K. county, and in which defendant shall have been personally served within said counties, plaintiff shall recover no costs, unless he recover $500 or more, plaintiff in such an action brought in the Supreme Court of N. Y. county, but which, but for the amount claimed, could have been brought in either said Municipal Court or said County Court, and in which the personal service on defendant could have been had in N. Y. county, as well as in K. county, is not entitled to costs, though plaintiff's attorney knew of no way in which defendant could have been personally served in N. Y. county.

Appeal from Special Term.

Action by Asuncion Ponce De Leon against the Brooklyn Heights Railroad Company. From an order directing the clerk to tax a full bill of costs, defendant appeals. Reversed, and motion denied.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Francis R. Stoddard, Jr., for appellant.

Charles M. Demond, for respondent.

McLAUGHLIN, J.    This action was brought to recover damages alleged to have been sustained by reason of defendant's negligence. The amount claimed in the complaint was $5,000. The venue was laid in the county of New York, where the trial took place, and a recovery was had for $400. The clerk declined to tax any costs in favor of the plaintiff on the ground that he was not entitled to the same under subdivision 5 of section 3228 of the Code of Civil Procedure. A motion was then made to compel the clerk to tax such costs. The motion was granted, and defendant appeals.

The subdivision of the section of the Code of Civil Procedure referred to reads as follows:

> "In all actions hereafter brought in the Supreme Court, triable in the county of New York or the county of Kings; which could have been brought, except for the amount claimed therein, in the City Court of the city of New York or the County Court of Kings county, and in which the defendant shall have been personally served with process within the counties of New York or Kings, the plaintiff shall recover no costs or disbursements unless he shall recover five hundred dollars or more. * * *"

The action could have been tried, except for the amount claimed, in the City Court of the city of New York or the County Court of the county of Kings, and personal service could have been obtained in either county. The plaintiff resides in the county of New York. The defendant is a domestic corporation, and has its principal office or place of business in the county of Kings. Its president and several of its directors were at the time of the commencement of the action residents of the county of New York.

It also has in that county a managing agent upon whom service of process could have been made. These facts are not denied. The attorney for the plaintiff simply states in his affidavit that he knew of no way in which defendant could have been personally served in the county of New York. The fact that he knew of no method of making personal service is not sufficient to overcome the fact that personal service could have been made, had an effort been made in that direction. He certainly could have brought the action, except for the amount claimed in the County Court of Kings county. The defendant is a resident of that county, and is subject to the jurisdiction of that court under sections 340 and 341 of the Code of Civil Procedure. Its principal office or place of business is there. The learned justice, as appears from his opinion, seems to have entertained the view that the plaintiff was not obliged to go outside the county of New York in order to bring an action, and, if he recovered less than $500, nevertheless he was entitled to costs.

The right to costs is purely a creation of the statute and authority therefor must be found in the statute, or it does not exist. Republic of Honduras v. Soto, 112 N. Y. 310, 19 N. E. 845, 2 L. R. A. 642, 8 Am. St. Rep. 744. The section of the Code above quoted is not ambiguous. It clearly and specifically states that if an action is brought in the Supreme Court triable in the county of New York or county of Kings, which could have been brought, except for the amount claimed, in the City Court of the city of New York or the County Court of Kings county, in which the defendant shall have been personally served, the plaintiff shall recover no costs or disbursements, unless he shall recover $500 or more. This recovery was for less than $500. The action could have been brought in the City Court of the city of New York or the County Court of Kings county. Unless the statute is to be repealed by judicial decree, I do not see how this order can stand. The purpose of the statue is obvious. It is to discourage the bringing of actions in the Supreme Court where the amount recovered is less than $500 and the penalty imposed for so doing is to deprive the party bringing them of costs and disbursements.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, and the costs and disbursements taxed and included in the judgment ($154.70) stricken therefrom. All concur.