(137 App. Div. 52.)

SEYMOUR v. WHEELER.

(Supreme Court, Appellate Division, Second Department. March 31, 1910.)

Costs (§ 22*)—Nature, Grounds, and Extent of Right in General—"Triable in the County of New York."

Under Code Civ. Proc. § 3228, as amended by Laws 1904, c. 557, providing that in all actions hereafter brought in the Supreme Court, triable in the county of New York, which could have been brought, except for the amount claimed, in the City Court, and in which the defendant is personally served in the county of New York, the plaintiff shall recover no costs unless he recover $500 or more, where such an action against a resident of New York county was commenced by service of summons on defendant in New York county, the summons naming Westchester county as the place of trial, and at defendant's insistence the place of trial was changed to New York county, but upon plaintiff's motion changed back to Westchester county for convenience of witnesses, and plaintiff recovered only $125, he was not deprived of his right to costs under the statute, since it was passed to relieve the congested calendars of the Supreme Court of New York county, and the words "triable in the county of New York," in the statute, refer to the conditions at the time of trial, rather than those at the commencement of the action.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 22.*

For other definitions, see Words and Phrases, vol. 8, p. 7095.]

Appeal from Special Term, Westchester County.

Action by James D. Seymour against Albert G. Wheeler, Jr. From an order compelling the clerk to tax costs against defendant, he appeals. Affirmed.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Leon Kronfeld, for appellant.
Frederick W. Sherman, for respondent.

BURR, J. By section 3228 of the Code of Civil Procedure as amended (Laws 1904, c. 557) it is provided:

"In all actions hereafter brought in the Supreme Court, triable in the county of New York, * * * which could have been brought, except for the amount claimed therein, in the City Court of the City of New York, * * * and in which the defendant shall have been personally served with process within the counties of New York, * * * the plaintiff shall recover no costs or disbursements unless he shall recover five hundred dollars or more."

Plaintiff's place of residence was distant about four miles from White Plains, the county seat of Westchester county, but was in the state of Connecticut. The action was brought to recover damages sustained by him through being bitten by defendant's dog. Defendant resided in the county of New York, and was served with a summons therein. The action could have been brought in the City Court of New York. When the action was commenced, plaintiff named in the summons and complaint Westchester county as the place of trial thereof. Defendant insisting upon his statutory right (Code Civ. Proc. §§ 984, 985), the place of trial was changed to New York county. Thereupon plaintiff moved that it be changed back to Westchester county for the convenience of witnesses, and that motion was granted. On the trial plaintiff recovered a verdict for $125. A bill

of costs, with notice of taxation before the county clerk, was served on defendant's attorney, and on the day named therein the clerk refused to tax said bill or allow plaintiff any costs, on the ground that by force of the provisions of the Code above referred to he was not entitled to the same. A motion was thereupon made for an order compelling the clerk to tax such costs, and from the order granting said motion this appeal is taken.

Plaintiff's right to costs depends upon the construction to be put upon the words "triable in the county of New York" in the act in question. The purpose of the statute was to relieve the congested calendars of the Supreme Court in New York county by compelling, so far as practicable, actions to be brought in the City Court of New York if within its jurisdiction. Patterson v. Woodbury Dermatological Inst., 117 App. Div. 600, 102 N. Y. Supp. 790. In construing its language, the evil sought to be remedied must be kept in mind. Endlich on the Interpretation of Statutes, § 27. The words "triable in the county of New York" may refer to the conditions as they existed when the action was brought, or to the conditions as they existed when the issues were tried. We think that the latter is the true construction. When the action was commenced in the Supreme Court, it was not only possible to try the same in the county of New York, but there was no other county in the state in which at that time, as matter of right, plaintiff could compel defendant to answer to his claims. Code Civ. Proc. § 984. If, however, Westchester county had been named as the place of trial, in the absence of objection by defendant, the action would have been triable there. Code Civ. Proc. § 985. If this had been the course followed, we think no one would claim that the provisions of subdivision 5 of section 3228 of the Code of Civil Procedure applied. When by order the place of trial was changed to Westchester county, the direction of the court stood in place of defendant's consent. Thereafter all subsequent proceedings must be had "in the county to which the change is made, the same as if it had been designated in the complaint as the place of trial." Code Civ. Proc. § 988.

Trial of the issues and the taxation of costs are subsequent proceedings. The words "the same as if it had been designated" are equivalent to "the same as if it had been properly or originally designated." A different construction might lead to this result: A plaintiff resident in the county of New York might bring an action in the Supreme Court against a defendant resident therein, naming that county as the place of trial. For the convenience of witnesses, or to promote the ends of justice, or because an impartial trial could not there be had, defendant might secure an order removing the case to another and distant county. Code Civ. Proc. § 987. The effect of this would be to relieve the congestion of the calendars of the county originally named as effectually as though the action had been brought in the City Court of New York. To hold under such circumstances that a verdict for plaintiff, recovered in the county to which the action had been removed, for a less sum than $500, deprived him of his right to costs, would be sacrificing the spirit of the statute to its letter.

It may be urged that by force of the same reasoning, if a resident of Erie county should begin an action in the Supreme Court against a resident of New York county, naming the former as the place of trial, and on defendant's motion the venue were changed to New York county, an unjust burden might be placed on the plaintiff and an undue advantage awarded to defendant. The difficulty is more apparent than real. Changing the place of trial for any of the reasons named in section 987 of the Code is somewhat in the nature of a favor, and it is quite within the power of the court granting the motion to impose as a condition the waiver by defendant of the rights to which he would otherwise be entitled under the statute.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.

Argued before WOODWARD, JENKS, THOMAS, RICH, and CARR, JJ.

