HUBBARD v. HEINZE.

(Supreme Court, Appellate Division, First Department.　July 7, 1911.)

Costs (§ 22*)—Right to Costs — Actions in New York Supreme Court — Amount in Controversy.

　　Code Civ. Proc. § 3228, subd. 5, provides that in all actions brought in the Supreme Court triable in the New York county, which could have been brought, except for the amount claimed, in the New York City Court, and in which the defendant shall have been served with process in New York county, plaintiff shall recover no costs or disbursements unless he shall recover $1,000 or more. Section 424 declares that a voluntary general appearance of the defendant is equivalent to personal service upon him. *Held*, that where plaintiff sued defendant in the New York Supreme Court for assault, and defendant, being a resident of the county, voluntarily appeared without service, and plaintiff recovered less than $500, the action being one which, except for the amount claimed, was within the jurisdiction of the City Court, it was not necessary to the application of section 3228, subd. 5, that defendant should have been actually served, and plaintiff was therefore not entitled to costs.

　　[Ed. Note.—For other cases, see Costs, Dec. Dig. § 22.*]

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Joseph B. Hubbard against F. Augustus Heinze. From an order of the Special Term, denying defendant's motion for retax-ation of costs, he appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Rosenthal & Heermance (Jacob Ansbacher, of counsel), for appellant.

Paul Armitage, for respondent.

SCOTT, J. This is in form an appeal from an order denying defendant's motion for a retaxation of costs, but in effect challenges the plaintiff's right to recover costs at all. The action is for assault. The defendant was a resident of this county and could have been served therein; but, hearing that plaintiff proposed to commence an action, he voluntarily appeared. The plaintiff recovered judgment for less than $500. The case was one which could have been brought, except for the amount claimed, in the City Court of the city of New York, and the defendant's contention is that, since the recovery was less than $1,000, the plaintiff is entitled to recover no costs. Code Civ. Proc. § 3228, subd. 5. The plaintiff, however, insists that the subdivision above referred to applies only when the defendant shall have been "personally served with process," which was the language of the section of the Code when this action was begun in September, 1909. The language of the present section is "served with process." Laws 1910, c. 574.

So far as concerns the present appeal, we do not consider that this change in phraseology is significant. The question is whether or not the subdivision of section 3228 applies to a case in which the defendant was present in the county and could have been personally served with process, but was not served because he voluntarily appeared. Section 424, Code Civ. Proc., provides that:

"A voluntary general appearance of the defendant is equivalent to personal service upon him."

We think that this section should be given its full significance in the present case. The purpose of the statute (subdivision 5, § 3228) was to relieve the congested calendars of the Supreme Court in New York county by compelling, so far as practicable, actions to be brought in the City Court of New York, if within its jurisdiction. In considering its language, the evil sought to be remedied must be kept in mind. Seymour v. Wheeler, 137 App. Div. 52, 122 N. Y. Supp. 183. It needs no citation of authority to sustain the familiar rule that, where a case is brought within the intention of the framers of a statute, it is within the statute, although by a technical interpretation it is not within its letter. Clearly the present case falls within the intent of the subdivision referred to, and must be considered as governed by it.

Order appealed from reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.