## G. P. PUTNAM'S SONS v. PICKETT.

(Supreme Court, Special Term, New York County.    June 11, 1912.)

1. Costs (§ 22*)—Right to Costs.

Where defendant, who resided in Kings county, notified the attorneys of plaintiff, whose residence was in New York county, of the name of his attorney in that county, informing them that he had authorized his attorney to accept service of process, the action might have been commenced in the City Court of New York, and the plaintiff, not having recovered a judgment of more than $500 in an action brought in the Supreme Court, instead of in the City Court, is not entitled under the direct provisions of Code Civ. Proc. § 3228, subd. 5, as amended by Laws 1910, c. 574, to costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 47–73; Dec. Dig. § 22.*]

2 Costs (§ 22*)—Right to—Statute.

Under Code Civ. Proc. § 3228, subd. 5, even as amended in 1910 (Laws 1910, c. 574) to provide that pending actions should not be affected, providing that in all actions brought in the Supreme Court triable in the county of New York or the county of Kings, which might, except for the amount claimed therein, have been brought in the City Court of the city of New York, or the County Court of Kings county, and in which the defendant shall have been personally served in either county, plaintiff shall recover no costs, unless he shall recover $500 or more, a plaintiff, who in an action brought in the Supreme Court of New York recovered only $450 is not entitled to costs, where, except for the amount claimed, the case might have been tried either in the City Court or the County Court of Kings county.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 47–73; Dec. Dig. § 22.*]

Action by G. P. Putnam's Sons against William P. Pickett. There was a verdict for plaintiff, and it moves for new taxation of costs. Motion denied.

See, also, 135 N. Y. Supp. 1114.

Sproull, Harmer & Sproull, of New York City (Hugh M. Harmer, of New York City, of counsel), for the motion.

Hugo Wintner, of New York City, opposed.

GIEGERICH, J.   This is a motion to review the refusal of the clerk to tax the plaintiff's costs and disbursements. The action was brought upon a contract to recover the sum of $848.54. The plaintiff obtained a verdict for $441.38. The clerk refused to tax the plaintiff's costs and disbursements, and from that ruling the plaintiff has appealed to this court.

[1] The plaintiff is a corporation having its principal place of business in the county of New York, while the defendant is a resident of the county of Kings and has an office for the practice of law in that county. It further appears that the defendant was frequently in the county of New York, and, furthermore, that he had, prior to the institution of the action, written to the plaintiff's attorneys that he had authorized his attorney, whose name and address he gave to them, to accept service of any papers which they might wish to serve in the

matter. Upon such facts I think it is clear that the plaintiff is entitled to no costs.

[2] Its attorneys insist that, even though it be the fact that the action could have been brought in the County Court of Kings county, nevertheless the plaintiff, as a resident of New York county, ought not to be required to leave this county and sue in another county. In view of the defendant's notice that he had authorized his attorney to accept service in this county of any papers which the plaintiff's attorneys might wish to serve in the matter, the action might have been commenced in the City Court in this county. But even if there had been no such authority and notice given by the defendant, under the decision made in Ponce De Leon v. Brooklyn Heights R. R., 125 App. Div. 752, 110 N. Y. Supp. 571, the plaintiff would have been equally without right to costs. There the same argument was made that a plaintiff is not obliged to go outside of the county of New York; but the court pointed out that the right to costs is purely a creation of the statute, and authority therefor must be found in the statute, or it does not exist. That case was decided in 1908, and in 1910 (Laws 1910, c. 574) the statute (subdivision 5 of section 3228 of the Code of Civil Procedure) was amended. The attorneys for the plaintiff claim that such amendment was made for the purpose of limiting the effect of the case cited; but I cannot discover any such purpose in the language of the amendment. As I construe the statute, it still refuses costs to a plaintiff under such circumstances as are shown in this case.

The motion is denied, with $10 costs. Order signed.