## G. P. PUTNAM'S SONS v. PICKETT.

(Supreme Court, Appellate Division, First Department.    October 25, 1912.)

COSTS (§ 22*)—RIGHT TO—STATUTES.

Under Code Civ. Proc. § 3228, subd. 5, as amended by Laws 1910, c. 574, providing that in all actions brought in the Supreme Court, triable in the county of New York, which could have been brought, except for the amount claimed, in the city court of the City of New York, and in which defendant shall have been served with process within the county of New York, plaintiff shall recover no costs, unless he recovers $1,000 or more, and that in all actions brought in the Supreme Court, triable in the county of Kings, which could have been brought, except for the amount claimed, in the County Court of Kings County, and in which defendant shall have been served with process within the county of Kings, plaintiff shall recover no costs, unless he shall recover $500 or more, a plaintiff, having its place of business in the county of New York, who sues in the Supreme Court on contract for over $800 a defendant who resides in the county of Kings, and who is served with summons there, is entitled to costs, though the recovery is for less than $500, though defendant offered to appear and admit service in any action plaintiff might commence.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 47–73; Dec. Dig. § 22.*]

Appeal from Special Term, New York County.

Action by G. P. Putnam's Sons against William P. Pickett. From an order of the Special Term (77 Misc. Rep. 286, 135 N. Y. Supp. 817), denying a motion to review the action of the county clerk in refusing to tax costs, plaintiff appeals. Reversed, and matter remitted for taxation of costs.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Hugh M. Harmer, of New York City, for appellant.
Hugo Wintner, of New York City, for respondent.

McLAUGHLIN, J. This appeal is from an order denying a motion to review the action of the County Clerk of the County of New York in refusing to tax costs in favor of the plaintiff. The action was upon a contract to recover $848.54. The plaintiff had a recovery of $441.39. The clerk refused to tax plaintiff's costs on the ground that the recovery was for less than $500.

The plaintiff is, and at the time the action was commenced was, a domestic corporation having its principal place of business in the borough of Manhattan, in the county of New York. It then

---

and at the time of the trial had no place of business in the borough of Brooklyn, in the county of Kings. The defendant, at the time the action was commenced, was a resident of the borough of Brooklyn, where he had an office and carried on business. The summons in the action was served upon him in that borough. Whether or not the plaintiff is entitled to costs turns upon the construction to be given to subdivision 5 of section 3228 of the Code of Civil Procedure. Prior to 1910 this section, so far as material, provided that:

"In all actions hereafter brought in the Supreme Court, triable in the county of New York or the county of Kings, which could have been brought, except for the amount claimed therein, in the City Court of the City of New York or the County Court of Kings County, and in which the defendant shall have been personally served with process within the counties of New York or Kings, plaintiff shall recover no costs or disbursements unless he shall recover $500 or more. * * *"

Under the subdivision of the section quoted the plaintiff was not entitled to costs, since the action could have been brought in the County Court of Kings County. Ponce De Leon v. Brooklyn Heights R. R. Co., 125 App. Div. 752, 110 N. Y. Supp. 571. But this subdivision of the section was not in force at the time the action was commenced, or when it was tried. It was amended by chapter 574 of the Laws of 1910, which went into effect September 1st of that year, by providing that:

"In all actions hereafter brought in the Supreme Court, triable in the county of New York, which could have been brought except for the amount claimed therein, in the City Court of the City of New York, and in which the defendant shall have been served with process within the county of New York, the plaintiff shall recover no costs or disbursements unless he shall recover $1,000 or more. In all actions hereafter brought in the Supreme Court, triable in the county of Kings, which could have been brought, except for the amount claimed therein, in the County Court of Kings County, and in which the defendant shall have been served with process within the county of Kings, the plaintiff shall recover no costs or disbursements unless he shall recover $500 or more. * * *"

It seems to me the purpose of the amendment of 1910 was to compel a resident plaintiff of the county of New York to bring his action in the City Court if the process of that court could be served on defendant in the county of New York. In the present case that could not be done. The amendment was made after the decision in the case of Ponce De Leon v. Brooklyn Heights R. R. Co., supra, and it may fairly be assumed that its purpose was to obviate the necessity of a resident of the county of New York, where process of the City Court of the City of New York could not be served in the county of New York, going into an adjoining county to commence an action.

It is suggested that, inasmuch as the defendant offered to appear and admit service in any action which plaintiff might commence, the plaintiff was not entitled to costs, under Hubbard v. Heinze, 145 App. Div. 828, 130 N. Y. Supp. 542. In that case it was held that a voluntary appearance by a resident of the county of New York in an action commenced in the City Court was equiv-

alent to personal service of the summons upon him. An offer to appear is not equivalent to an appearance. Had the plaintiff commenced an action in the City Court of the County of New York, defendant would not have been bound to appear, notwithstanding the offer, and for that reason the court would have had no jurisdiction—process not having been served upon him and voluntary appearance not having been made—to render a judgment against him.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, the motion granted, with $10 costs, and the matter remitted to the county clerk, to tax plaintiff's costs and disbursements, to which he is entitled under the statute. All concur.