## MORAFF v. KOHN.

(Supreme Court, Appellate Division, First Department.   July 10, 1913.)

Costs (§ 22*)—Right to—Statutes.

   Code Civ. Proc. § 3228, subd. 5, as amended by Laws 1910, c. 574, providing that in all actions brought in the Supreme Court triable in the county of New York, which could have been brought, except for the amount claimed therein, in the City Court of the city of New York, and in which defendant is served with process in the county of New York, plaintiff shall recover no costs unless his recovery be at least $1,000, does not preclude plaintiff in an action so brought from recovering costs, though judgment be for less than $1,000, if defendant is not, though he might have been, served in the county of New York.

   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 47–73; Dec. Dig. § 22.*]

Appeal from Special Term, New York County.

Action by Isaac Moraff against Samuel Kohn.   From an order directing the county clerk of the county of New York to tax costs in favor of plaintiff, defendant appeals.   Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

John Bogart, of New York City (Isidore Weckstein, of New York City, on the brief), for appellant.

Gaston Rosenstiel, of New York City, for respondent.

LAUGHLIN, J.   This action was brought to recover damages for an assault alleged to have been made upon the plaintiff by the defendant, and the plaintiff recovered a verdict of $250, upon which he was about to enter judgment, but his application to have his costs taxed was refused by the county clerk upon the ground that the action could have been brought in the City Court of New York or the County Court of Kings county, and that, therefore, by virtue of the provisions of section 3228 of the Code of Civil Procedure, he was not entitled to costs.   The summons was not served on the defendant in the county of New York; but service was made on him in the county of Kings, in which county he resided and had a place of business.   The defendant also had a place of business in the county of New York, and it was therefore contended that he might have been served in the county of New York, and that, if so, under the decision of this court in Putnam's Sons v. Pickett, 152 App. Div. 814, 137 N. Y. Supp. 805, the plaintiff was not entitled to tax costs.   In that case, as in this case, the defendant had not been served within the county of New York, and for that reason we decided that the plaintiff was not precluded by section 3228, subdiv. 5, of the Code of Civil Procedure from taxing costs.   One sentence of the opinion, however, is not strictly accurate, and it has doubtless misled the county clerk, and given rise to this appeal.   It is stated in the opinion that the purpose of the amendment to the section in question in 1910 "was to compel a resident plaintiff of the county of New York to bring his ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion in the City Court if the process of that court could be served on defendant in the county of New York." We should have added that the question as to whether process could have been served upon the defendant in the county of New York is made to depend under this section of the Code of Civil Procedure on whether service was in fact made in the county of New York; and neither requires or permits any other inquiry with respect to whether service of City Court process could have been made. This section of the Code of Civil Procedure prior to its amendment had been construed as precluding the right of a plaintiff in an action in the Supreme Court in the county of New York or in the county of Kings who has not recovered more than $500 to tax costs, where, excepting for the amount for which judgment was demanded, the action could have been brought in the City Court of the city of New York or in the County Court of the county of Kings and where service was made in either county. Ponce de Leon v. Brooklyn Heights R. R. Co., 125 App. Div. 752, 110 N. Y. Supp. 571.

The section as amended is as follows:

"In all actions hereafter brought in the Supreme Court, triable in the county of New York, which could have been brought, except for the amount claimed therein, in the City Court of the city of New York, and in which the defendant shall have been served with process within the county of New York, the plaintiff shall recover no costs or disbursements unless he shall recover one thousand dollars or more. In all actions hereafter brought in the Supreme Court, triable in the county of Kings, which could have been brought, except for the amount claimed therein, in the County Court of Kings county, and in which the defendant shall have been served with process within the county of Kings, the plaintiff shall recover no costs or disbursements unless he shall recover five hundred dollars or more."

The purpose of the amendment of 1910 (Laws 1910, c. 574) manifestly was to relieve a party from being obliged to bring his action in a county other than that in which he resides at the risk of losing his right to tax costs, which was the effect of the decision in Ponce de Leon v. Brooklyn Heights R. R. Co., supra, and to preclude him from taxing costs only where his recovery is for $500 or less, and the defendant has in fact been served in the county in which the action in the Supreme Court is brought.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.