(160 App. Div. 252)

### YOUNG v. WOOP et al.

(Supreme Court, Appellate Division, First Department. January 23, 1914.)

STIPULATIONS (§ 14*)—CONSTRUCTION.

　　Plaintiff recovered a verdict against defendants for about $500 and was also given costs. After the entry of judgment, the parties stipulated that if defendants would pay one half of the judgment and interest within 30 days and the other half within 60 days the judgment should be satisfied, but on default plaintiff should be entitled to issue execution, and that if defendants should, within 10 days, move for a retaxation of costs and their motion be granted, the amount of costs disallowed should be credited on the judgment. Defendants made the first payment according to the stipulation, and their motion for retaxation of costs was granted, and plaintiff was disallowed costs. There was a default in the second payment, and plaintiff issued execution for the balance of the judgment, which was collected. *Held*, that the stipulation and collection of the amount of the verdict did not bar plaintiff from appealing from the order retaxing and disallowing him costs; the issuance of execution under the stipulation not being a waiver.

　　[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. § 14.*]

Appeal from Special Term, New York County.

Action by William Wallace Young against William Woop and Katherine Woop. From an order vacating a retaxation of costs and disallowing all costs, plaintiff appeals. Motion to dismiss the appeal denied, and order reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

James A. Hughes, of New York City, for appellant.
John T. Walker, of New York City, for respondents.

INGRAHAM, P. J. The question presented to the court below was whether the plaintiff was entitled to costs; the recovery having been for less than $1,000.† The summons and complaint were served in the village of Ossinning in Westchester county. The plaintiff having obtained a verdict for $467.53, judgment was duly entered for that amount and for $74.60 costs. After the entry of judgment and on June 13, 1913, the parties entered into a stipulation that all proceedings in the action be discontinued and that the judgment heretofore entered be continued in full force, provided, however, that if the defendants should within 30 days after the date of the stipulation pay to the plaintiff one-half of the judgment heretofore entered and interest thereon, and one-half within 60 days, the said judgment should be satisfied; and that in the event of the failure of the defendants to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† See Code Civ. Proc. § 3228, subd. 5, added by Laws 1904, c. 557, as amended by Laws 1910, c. 574.

pay either of the said installments on the day it is due the plaintiff shall be at liberty to issue execution, and further providing that if the defendants should move within 10 days for a retaxation of the costs and disbursements, and if on the final determination of the said motion the sum as heretofore taxed bv the clerk be disallowed, or any part thereof, the amount of such disallowance shall be credited on the judgment. The defendants then made a motion returnable on the 1st of July, 1913, to set aside the taxation of the costs and disbursements made by his clerk and to disallow all costs and disbursements in the action, and that motion was granted and costs were disallowed. At the date of this stipulation the judgment amounted to $557.13, consisting of the verdict for $482.53 and the costs as taxed of $74.60. One half of the verdict of $482.53 was paid on the date of the stipulation. The defendants, however, failed to pay the other half of the judgment, and thereafter execution was issued and the balance of the judgment collected by the sheriff. After this execution was issued and the judgment collected, the plaintiff appealed from the order of the Special Term disallowing the costs.

On the argument of the appeal, counsel for the defendants conceded that under the case of Moraff v. Kohn, 157 App. Div. 648, 142 N. Y. Supp. 775, the decision of the Special Term was erroneous and the plaintiff was entitled to costs, but insisted on their motion to dismiss the appeal on the ground that the defendants, by enforcing the judgment for the amount of the verdict, without costs, had accepted the benefit of the judgment or order appealed from and was therefore precluded for appealing. The only question to be determined, therefore, is whether or not the appeal should be dismissed, as it is not disputed but that plaintiff was, under Moraff v. Kohn, supra, entitled to costs.

I think the motion should be denied. By the stipulation the defendants agreed to pay the amount of the verdict with interest, and agreed further that the question of whether the plaintiff was entitled to costs should be determined by a motion at Special Term, if made 10 days after the stipulation was signed; and this question as to the right of the plaintiff to costs was to be settled by the final determination of the court. The enforcement of the judgment for the amount stipulated to be due, and which the defendants agreed they would pay, was not, by the stipulation, dependent upon the determination of the question as to whether plaintiff was entitled to costs. It is clear that, if the defendants had paid the whole amount of the judgment according to the stipulation, such payment would not have precluded either party from having a final determination of the question as to whether or not the plaintiff was entitled, in addition to the amount of the verdict, to the costs of the action as taxed. The defendants also expressly agreed, if they did not pay the second installment of the verdict, that the plaintiff should be allowed to issue execution for the amount that was concededly due, and the fact that he issued such execution was not a waiver of his right to have a final determination of the question as to whether the defendants should also be charged with the costs of the action. The plaintiff was entitled to his verdict and costs and has been paid the amount of the verdict. He is also entitled.

to costs, which have not been paid. If the court below had denied the motion to disallow all costs and disbursements, as it should have done, there would then have been no question but that the plaintiff would have been entitled, in addition to the verdict, to the costs of the action, and there was no waiver of his right to have the question as to the liability of the defendants for costs determined and, if entitled to costs, to have the judgment for costs enforced.

The motion to dismiss the appeal is therefore denied, with $10 costs; the order appealed from reversed, with $10 costs and disbursements; and the motion denied, with $10 costs. All concur.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

