(164 App. Div. 111)

### JACOBS et al. v. WHITE et al.   (No. 6210.)

(Supreme Court, Appellate Division, First Department.   October 23, 1914.)

1. JUDGMENT (§ 17*)—PROCESS TO SUSTAIN—PLACE OF SERVICE—NONRESIDENTS.

   The Supreme Court acquires no jurisdiction, in an action against a non-resident for a money judgment, by personal service outside of the state.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. § 17.*]

2. COSTS (§ 22*)—RIGHT TO RECOVER—STATUTORY PROVISIONS.

   Code Civ. Proc. § 3228, subd. 5, forbidding the recovery of costs by plaintiff in an action in the Supreme Court triable in New York county, which could have been brought in the City Court, except for the amount involved, and in which the defendant was personally served in New York county, unless the judgment is for more than $1,000, does not apply to an action against a nonresident, jurisdiction over whom was obtained only by his personal appearance in New York county; Code Civ. Proc. § 424, providing that the voluntary appearance of the defendant is equivalent to personal service, being merely for the purpose of conferring jurisdiction.

   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 47–73; Dec. Dig. § 22.*]

   McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by David M. Jacobs and another against Edward L. White and another. From an order denying a motion to retax costs, defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Morris Grossman, of New York City, for appellants.

LAUGHLIN, J. This action was brought for the conversion of merchandise amounting in value to the sum of $133.71, and the plaintiffs recovered the amount claimed, together with costs, which were taxed in their favor. The defendants moved for retaxation of costs.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

[1] It appears that the defendants are both nonresidents of the state of New York, and reside in the state of New Jersey, and that they have no property or place of business within this state. The plaintiffs attempted to serve the defendants by publication, but they obtained no attachment. Pursuant to the order for service by publication, the summons and complaint were served on one of the defendants without the state. Thereupon the defendants voluntarily appeared and served an answer. The action having been brought to recover a judgment for a sum of money only against nonresidents of the state, no jurisdiction was obtained by the service without the state (Haase v. Michigan Steel Boat Co., 148 App. Div. 298, 132 N. Y. Supp. 1046), and the only jurisdiction obtained was by the voluntary personal appearance of the defendants.

[2] The theory upon which the motion for retaxation for the costs was made by the defendants, and upon which the appeal from the order denying the motion is sought to be successfully sustained, is that by virtue of the provisions of section 424 of the Code of Civil Procedure the voluntary appearance of the defendants is equivalent to personal service in the county of New York. The voluntary appearance was equivalent to personal service for the purpose of conferring jurisdiction (Reed v. Chilson, 142 N. Y. 152, 36 N. E. 884); but such a voluntary appearance is not equivalent to personal service within the county in which the action is brought, for the purpose of determining whether, under the provisions of section 3228, subdivision 5, of the Code of Civil Procedure, the plaintiffs were precluded from taxing costs on the theory that the action might have been brought in the City Court. The sole test prescribed by the provisions of said subdivision 5 with respect to whether the action could have been brought in the City Court is whether service has been actually made in the county of New York (Moraff v. Kohn, 157 App. Div. 648, 142 N. Y. Supp. 775). Service was not actually made within the county of New York, and the voluntary appearance of the defendants in the action is not, for the purposes of the provisions of said subdivision 5, equivalent to actual personal service within the county of New York. It therefore follows that the plaintiffs were entitled to recover costs against the defendants, notwithstanding the fact that the recovery was for less than the sum of $1,000.

It follows that the order should be affirmed, with $10 costs and disbursements.

INGRAHAM, P. J., and CLARKE and SCOTT, JJ., concur.

McLAUGHLIN, J. (dissenting). This action was brought in the Supreme Court, the venue being laid in the county of New York, to recover damages for the conversion of personal property alleged to have been of the value of $133.71. The plaintiff recovered $101.42, together with costs and disbursements, which were taxed at $137.32, making in all a judgment of $238.74. The defendants moved for a retaxation of costs, on the ground that, under subdivision 5 of section 3228 of the Code of Civil Procedure, plaintiffs were not entitled there-

to, the recovery having been less than $1,000. The motion was denied, and they appeal.

It appeared upon the motion for retaxation that both the defendants are nonresidents, and have no property or place of business within the state of New York. The plaintiffs attempted to serve the defendants by publication, but obtained no attachment, and were, therefore, unable to get jurisdiction. The defendants, however, voluntarily appeared in the action and interposed an answer. When they voluntarily appeared, this had the same effect as though the summons had been personally served upon them. Section 424, Code of Civil Procedure. Subdivision 5 of section 3228 of the Code of Civil Procedure provides, among other things, that in all actions brought in the Supreme Court, triable in the county of New York, which could have been brought, except for the amount claimed, in the City Court of the city of New York, and in which defendant shall have been served with process within the county of New York, the plaintiff can recover no costs or disbursements unless he shall have recovered $1,000 or more. So far as appears, at the time this action was commenced, one could not have been brought either in the Supreme Court or in the City Court (since the defendants were nonresidents and had no property in the state) unless the defendants chose voluntarily to appear. This they did, and after such voluntary appearance the situation, so far as costs were concerned, was precisely the same as if personal service had been made in the city of New York. The question is whether or not the subdivision of section 3228 applies to a case in which defendant could not have been personally served with process, but who voluntarily appeared.

I think section 424 of the Code of Civil Procedure and subdivision 5 of section 3228 should be given the effect intended to be accomplished by them, which was, at least so far as the subdivision of the latter section is concerned, to relieve the Supreme Court in New York county, by compelling, as far as practicable, actions to be brought in the City Court of New York, if within its jurisdiction. Hubbard v. Heinze, 145 App. Div. 828, 130 N. Y. Supp. 542. This action could just as well have been brought in the City Court as in the Supreme Court, because in neither case could the court obtain jurisdiction unless the defendants voluntarily appeared. To award cost against them because they did voluntarily appear is not only, to penalize them for such appearance, but to destroy what seems to me the plain intent of the statute.

I dissent, therefore, from an affirmance of the order appealed from, and vote to reverse the order and grant the motion for a retaxation.