SOCRATES MOSCAHLADES and STYLIANOS MOSCAHLADES, Copartners, Trading under the Firm Name and Style of MOSCAHLADES BROS., Appellants, *v.* MAY K. PETRI, Doing Business as PIETRO PETRI BROKERAGE Co., Respondent.

First Department, December 13, 1918.

Costs — Supreme Court, county of New York — inability to serve non-resident defendant within county of New York.

Plaintiffs, residents of the county of New York, who bring an action in the Supreme Court against a non-resident, should not be deprived of costs under the provisions of subdivision 5 of section 3228 of the Code of Civil

Procedure, upon the ground that the action could have been brought in the City Court of New York, and that the recovery was less than $1,000, where there is no proof that the defendant ever could have been served with process in the city of New York, in a prior action brought in the Municipal Court to recover upon the same claim.

An affidavit by the attorney for the defendant examined, and *held*, insufficient to establish that she was or could have been served with process in the county of New York.

APPEAL by the plaintiffs, Socrates Moscahlades and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of August, 1918, granting defendant's motion for a retaxation of costs.

*Henry L. Franklin,* for the appellants.

*Louis Jaykowsky,* for the respondent.

DOWLING, J.:

The sole question involved in this appeal is the right of the plaintiffs to tax their costs upon the rendition of a verdict in their favor against the defendant in the sum of $517.12. Costs were originally taxed by the clerk of the county of New York in favor of plaintiffs in the sum of $121.44, but upon defendant's motion to review such taxation, the same was set aside and plaintiffs were held not to be entitled to any costs whatever.

Plaintiffs are residents of New York county. An action was originally begun by them against defendant in the Municipal Court, Borough of Manhattan, Fifth District, to recover upon the same claim sued on in the present action, but defendant could not be served in the city of New York. Plaintiffs' attorney swears that he called at defendant's office in New York city on numerous occasions and was there told that she resided at Closter, N. J., and very rarely called at her office, which was in charge of her husband. The same information was given him over the telephone from said office. As defendant could not be served in the city of New York, this action was begun that plaintiffs might be able to obtain service by publication, and also a writ of attachment might be secured. Defendant made no affidavit in support of her application to

retax the costs herein, but her attorney made an affidavit, which served the purpose of a brief as well as that for which it was properly intended. All that the attorney set forth on the question of defendant's presence in the city of New York, so that she could have been served, is embraced in the following paragraphs of his affidavit:

" The action is against a non-resident, who has a place for the transactions of her business in person in the City of New York and County of New York, and according to the testimony of the trial, is at her place of business every business day of the week. The defendant appeared voluntarily in the action.

" This action could have been brought in the City Court of the City of New York, and in fact in the Municipal Court of the City of New York. Personal jurisdiction could have been obtained by service in the County of New York, and for that reason the defendant opposes the application to tax costs, and respectfully excepts in the event that the taxation is allowed."

The attorney refers to the testimony taken upon the trial as showing that defendant is at her place of business every day, but such testimony was not used upon the hearing of the motion nor is it before us upon this appeal. The rest of the statement quoted consists of the attorney's conclusions, based upon undisclosed sources of information. Defendant contends that, because the action could have been brought in the City Court of the City of New York and the recovery was less than $1,000, plaintiffs are not entitled to costs under the provisions of section 3228, subdivision 5, of the Code of Civil Procedure. But defendant was not served with process in the county of New York and she has not shown that she could have been served with process therein by the exercise of due diligence upon the part of the plaintiffs. On the contrary, what proof there is in this record is to the effect that the Municipal Court action originally begun by plaintiffs had to be abandoned because defendant could not be served in the city of New York, and that defendant is a non-resident and could not be found in that city even at her place of business therein. Defendant relies upon two decisions, which have no application to the present case. In *Hubbard* v. *Heinze* (145 App. Div.

828) the opinion sets forth that defendant was a resident of New York county and could have been served therein. In *Ponce De Leon* v. *Brooklyn Heights R. R. Co.* (125 App. Div. 752) the opinion shows that defendant was a domestic corporation with its principal office or place of business in the county of Kings, and with its president and several of its directors residents of the county of New York when the action was commenced, as well as a managing agent in that county upon whom service of process could have been made. In the case before us for consideration there is not the slightest proof that defendant ever could have been served with process in the county of New York.

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion to retax costs is denied, with ten dollars costs, and the original taxation of costs is reinstated.

Clarke, P. J., Smith, Page and Shearn, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, and original taxation reinstated.