JANE FRANCIS, Plaintiff, *v.* MARIE C. LOWE, Defendant.

Supreme Court, Special Term, New York County, February 3, 1943.

*John A. Farrell* for plaintiff.

*Robert Seelav* for defendant.

WALTER, J.  In an action of a kind which could have been brought in the City Court of the City of New York the plaintiff served defendant with process in Nassau county and then recovered less than $2,000. · The clerk awarded costs and defendant moves to strike the same from the judgment.

Under Civil Practice Act, section 1474, subdivision 1, as it stood prior to the enactment of Laws of 1941, chapter 246, the award of costs was clearly correct, for as the statute then stood a successful plaintiff was deprived of costs only upon the concurrence of two conditions, *viz.*, a recovery of less than $2,000 and actual service of process within the city of New York, no inquiry being required or permitted as to whether service in a particular action could have been made within the city. (*Radomska* v. *Prudential Ins. Co.*, 240 App. Div. 1010; *Mooney* v. *Walter & Co.*, 243 App. Div. 532; *Reilly* v. *Stevens*, 258 App. Div. 984.)  But by Laws of 1941, chapter 246, section 1474 was amended so as to eliminate the provision of subdivision 1 respecting service within the city, and as the statute now stands a plaintiff who recovers less than $2,000 is deprived of costs only if the action " could have been brought, except for the amount claimed therein, in the city court of the city of New York."

The present test of the right to costs thus is the single one: Could the action have been brought, except for the amount claimed therein, in the City court?  That, however, is itself ambiguous.  Does it refer merely to the nature of the action or does it embrace, also, the ability to serve process within the city?

The fact that the Legislature struck out the words " and in which the defendant shall have been served with process within the city of New York " might be an indication that the words " could have been brought " were regarded by it as referring merely to the nature of the action if such striking out stood alone, but the 1941 amendment was adopted upon the recommendation of . the Judicial Council, and its report upon the subject indicates that the aim of the amendment was to prevent plaintiffs from gaining the right to costs by needlessly serving process outside the city when they just as easily could serve within the city (Judicial Council [1941], Seventh Annual Report, pp. 42, 279–289), and in cases arising under

earlier analagous statutes it was held that the right to costs was lost only in those instances in which process could be served within the city with reasonable diligence. (*Ponce de Leon* v. *Brooklyn Heights R. R. Co.*, 125 App. Div. 752; *Hubbard* v. *Heinze,* 145 App. Div. 828; *Moscahlades* v. *Petri,* 185 App. Div. 371.) Another case indicating that the words " could have been brought " include ability to serve process as well as nature of action is *Scioldoni* v. *Republic Light, Heat & Power Co.* (224 App. Div. 566, affd. 251 N. Y. 574.)

I conclude, therefore, that under Civil Practice Act, section 1474, subdivision 1, as amended in 1941, a plaintiff in this court who recovers less than $2,000 in an action of such nature as to be cognizable in the City Court does not entitle himself to costs merely because he effects service of process outside the city, but that, on the other hand, he is not deprived of costs unless he could have effected service of process within the city of New York by the exercise of due diligence.

In the case at bar defendant asserts that she was and is a resident of the county of New York, but in no event is mere residence a test of the right to costs, and she makes no showing whatever that she was at that residence at or around the time the summons was served or that any one going to that residence around that time would have found her there. It affirmatively appears, on the other hand, that she also had a residence in Nassau county and that she " was there on vacation." She even gave the Nassau county residence as her address upon an application for registration of an automobile, and so far as is shown she never questioned the validity of an order for substituted service upon her at that address. In the language of *Moscahlades* v. *Petri* (185 App. Div. 371, 373), " defendant was not served with process in the county of New York and she has not shown that she could have been served with process therein by the exercise of due diligence upon the part of the plaintiffs."

The motion is accordingly denied.