CELIA G. FISCHER et al., Plaintiffs, *v.* EDWARD R. ZINCKE et al., Defendants.

Supreme Court, Special Term, New York County, February 6, 1945.

*Stanley Ide La Cov* for plaintiffs.

*Harold V. Angevine* and *George A. Garvey* for defendants.

SCHREIBER, J. Plaintiff wife instituted the instant negligence action against defendant nonresident motorist, pursuant to section 52 of the Vehicle and Traffic Law, by service of process on the Secretary of State at Albany and by registered mail to the defendant in Connecticut. Prior thereto, that statute had been amended (L. 1942, ch. 458) so that the action, except for the amount claimed, could have been brought and maintained within the jurisdiction of the City Court of the City of New York by a proper alternate method of service of process available under the amended act, that is, by service of process on the Secretary of State at his office within the New York City limits instead of at Albany. (Cf. *Gruber* v. *Wilson,* 276 N. Y. 135; *Pohlers* v. *Exeter Manufacturing Co.,* 293 N. Y. 274.)

Plaintiff wife has recovered less than $2,000 and the Clerk has refused to tax costs in her favor (Civ. Prac. Act, § 1474, subd. 1). This motion is to compel him to do so. This section, as amended in 1941 (L. 1941, ch. 246), provides that where the action, except for amount, could have been brought in the City Court, and plaintiff recovers less than $2,000, costs shall not be allowed. The 1941 amendment eliminated the additional requirement that process also shall have been served in the city before plaintiff is deprived of costs. But it is clear that a plaintiff thereby cannot entitle himself to costs, in such case, by the expedient of service of process without the city when such service might have been had within. (*Francis* v. *Lowe,* 179 Misc. 677, affd. 266 App. Div. 834.) The motion accordingly is denied.